2005 ND 133
**CITIBANK (SOUTH DAKOTA) NA, Plaintiff and Appellee**

v.

**Sarah M. REIKOWSKI, Defendant and Appellant.**

No. 20050043.

Supreme Court of North Dakota.

July 13, 2005.

Charles L. Dendy, Johnson, Rodenburg & Lauinger, Bismarck, ND, for plaintiff and appellee.

Sarah M. Reikowski–Hart (on brief), pro se, Spiritwood, ND, defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Sarah Reikowski, now known as Sarah Reikowski–Hart, appealed from a default judgment and a denial of her motion for relief from the default judgment. We conclude the trial court misapplied the law in denying Reikowski's motion for relief from the default judgment, and we reverse and remand for further proceedings.

I

[¶ 2] On July 20, 2004, Citibank sued Reikowski, alleging she had failed to pay Citibank $13,612.45 due on a credit card account. Although Reikowski corresponded with counsel for Citibank, she did not formally answer, and in October 2004, Citibank moved for a default judgment under N.D.R.Civ.P. 55(a)(3). The trial court granted Citibank's motion, and a default judgment was entered on October 14, 2004. In November 2004, Reikowski moved to dismiss the complaint and moved for a new trial and for relief from the default judgment. On December 6, 2004, the trial court denied Reikowski's motions to dismiss and for a new trial, but granted her motion for relief from the default judgment provided she serve and file an answer by December 27, 2004. The court stated that if Reikowski failed to file an

answer by that date, the default judgment would remain in effect.

[¶ 3] Reikowski served and filed an answer and counterclaim on December 27, 2004, but an issue arose regarding whether she also was required to pay a filing fee with her answer. According to Reikowski, she was informed there was a $50 filing fee, but the record is not clear as to when she was informed of the fee. On January 3, 2005, she filed a petition for waiver of the filing fee. On January 4, 2005, the trial court denied Reikowski's petition for waiver of the filing fee, stating "default judgment still in effect as answer (fee not pd) not filed." Reikowski moved to reconsider, stating she filed her answer on December 27, 2004, and she was told there might be a filing fee, but the person at the clerk's office "was not sure and no one was there that she could ask at that time." According to Reikowski, she was informed someone would contact her about the fee, and she was later informed there would be a $50 filing fee. Reikowski sought to have the fee waived and sought a refund of the $50 she included with her motion to reconsider. The trial court denied Reikowski's motion to reconsider and let the default judgment stand.

[¶ 4] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 28–27–02.

## II

[¶ 5] Reikowski argues the trial court erred in deciding her answer was not timely because it was not accompanied by a filing fee, and the court erred in denying her motion for relief from the default judgment.

[¶ 6] We review the trial court's denial of a motion for relief from a default judgment to determine whether the court abused its discretion. *Federal Land Bank v. Lillehaugen*, 370 N.W.2d 517, 518 (N.D. 1985). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *US Bank v. Arnold*, 2001 ND 130, ¶ 21, 631 N.W.2d 150 (quoting *T.F. James Co. v. Vakoch*, 2001 ND 112, ¶ 5, 628 N.W.2d 298). Because we prefer decisions on the merits, trial courts should be more lenient when entertaining motions to vacate default judgments as distinguished from judgments entered after a trial on the merits. *Suburban Sales & Service, Inc. v. District Court of Ramsey County*, 290 N.W.2d 247, 252 (N.D.1980); *Perdue v. Sherman*, 246 N.W.2d 491, 496 (N.D.1976).

[¶ 7] Reikowski served and filed her answer within the time specified by the trial court. The issue in this case involves the effect of her failure to pay the filing fee when she filed her answer. Section 27–05.2–03(1)(b), N.D.C.C., deals with fees charged by the district court clerk in civil cases and provides that the clerk shall charge a $50 fee for filing an answer. The statute does not explicitly require the fee to be paid in advance or when the answer is filed. *Cf.* N.D.C.C. § 27–03–05 ("clerk of the Supreme Court shall charge and collect in advance a fee of one hundred twenty-five dollars upon the filing in the Supreme Court of the record in any cause upon appeal"). Section 27–05.2–03(1), N.D.C.C., also incorporates the provisions for waiver of fees in N.D.C.C. § 27–01–07, which authorizes the court to waive any filing fees with or without a hearing upon the filing of an in forma pauperis petition accompanied by a sworn affidavit relating information about indigency.

[¶ 8]  In *Husebye v. Jaeger*, 534 N.W.2d 811, 815 (N.D.1995), .this Court discussed "filing" in the context of construing a constitutional provision requiring a referendum petition to be "submitted" to the secretary of state within ninety days after filing the measure with the secretary of state.  This Court said " 'filing' requires not only presentment of the document to the public official, but the officer's action of accepting it and placing it into the official records of the office for public examination."  *Id.* This Court said "[f]iling implies not only presentation, but official action to place the document into the permanent record."  *Id.* Although *Husebye* did not involve any filing fee issues, it provides some context for the requirements for filing a document.

[¶ 9]  Citibank does not dispute that a question about the filing fee arose when Reikowski filed her answer on December 27, 2004.  The record is not clear as to when she was informed there would be a $50 filing fee for her answer.  According to Reikowski, when she filed her answer on December 27, 2004, the clerk's office was not staffed, but an adjacent window was staffed, and the person at that window was not sure about the filing fee, and no one was there to ask at that time.  According to Reikowski, she was informed someone would contact her about the fee, and "Irene" contacted her at a later date and told her there was a $50 filing fee.  According to Reikowski, she was informed about the procedure for waiver of fees, and she promptly filed a request for waiver of fees.

[¶ 10]  The clerk's office did not require Reikowski to pay the filing fee when her answer was accepted and filed.  The record reflects Reikowski was attempting to respond to the issues about the filing fee. The record also includes two handwritten notations that state: "Sarah & ·Patrick 646–6903 Irene—please call if there is a fee," and "12–30–04 spoke to Sarah—she will send $50 answer fee."  Reikowski received instructions from court personnel about the filing fee and ostensibly followed those directions.  Moreover, Reikowski filed a request for waiver of the filing fee, and she submitted the $50 filing fee when she filed her motion to reconsider. Section 27–05.2–03(1)(b), N.D.C.C., provides that the clerk shall charge a $50 fee for filing an answer but it incorporates provisions for a waiver of the fee.  Before accepting and filing an answer, a clerk should require the filing fee to be paid or waived; however, if the clerk does not do so, the statute does not invalidate the filing of the answer.  Under these circumstances, we conclude the trial court misapplied the law in effectively deciding Reikowski's failure to pay the filing fee when her answer was filed left the default judgment intact and violated N.D.C.C. § 27–05.2–03(1)(b).  We conclude the trial court misapplied the law in denying Reikowski's motion for relief from the default judgment.

### III

[¶ 11]  We reverse the order denying Reikowski relief from the default judgment and remand for further proceedings.

[¶ 12] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.