2006 ND 14

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jesse Lynn SMITH, Defendant and Appellant.**

No. 20050264.

Supreme Court of North Dakota.

Jan. 31, 2006.

Kathleen K. Trosen, State's Attorney, Fessenden, ND, for plaintiff and appellee.

Thomas J. Glass, Bismarck, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶1] Jesse Smith appealed from an order denying his motion to refund fines and administrative fees incurred in relation to criminal convictions against Smith. We affirm.

### I

[¶2] We briefly reiterate the facts and procedure set forth in *State v. Smith*, 2005 ND 21, 691 N.W.2d 203 ("*Smith I*"), followed by the facts leading to this appeal. On May 25, 2002, at about 12:30 a.m., Fessenden Police Chief Allen Kluth was approached by two local citizens regarding a suspicious vehicle parked behind a bulk fuel truck in the Cenex lot. Chief Kluth testified the citizens told him a green station wagon left the Cenex lot quickly, spinning out on the gravel, as they approached the vehicle. They told Chief Kluth they followed the vehicle to obtain its license plate number, but they were unable to get the full number because the station wagon was traveling at a high rate of speed. Chief Kluth then contacted a Harvey Police Officer, Marc Balfour, and told him to be on the lookout for a green station wagon traveling west on Highway 52. Officer Balfour testified he spotted a green station wagon and radioed Chief Kluth to tell him he saw a vehicle that matched the description. Chief Kluth told him to stop the vehicle. Officer Balfour testified he did not observe any traffic violations at the time he pulled the vehicle over.

[¶3] After he approached the vehicle, Officer Balfour saw an open case of beer in the back seat and detected a strong odor of alcohol coming from the vehicle. He then asked Smith to accompany him back to the police car. Officer Balfour told Smith of the suspicious activity in the Cenex parking lot, and Smith explained he and his friends had to go to the bathroom but the store was locked so they went outside near the bulk fuel truck. Officer Balfour testified he then asked Smith for his consent to search the vehicle. Smith replied, "Yeah, go ahead."

[¶4] When Patrolman Skogen arrived, Officer Balfour turned the investigation over to him and told him Smith had given him consent to search the vehicle. Officer Balfour then went back to Smith's vehicle and asked the passenger, Travis Cunningham, to come back to his police car. He examined Cunningham's driver's license, which showed he was only 20 years old. He then placed Cunningham in the back seat of the patrol car and began to search Smith's vehicle. Officer Balfour testified that when he walked up to the vehicle, he noticed two spilled cans of beer on the passenger-side floor. He then found a backpack in the back seat of the car, and, upon opening it, found eight rolled baggies of marijuana.

[¶5] The State charged Smith with four counts: possession of drug paraphernalia, Wells County case number 02–K–087; possession of a controlled substance, Wells county case number 02–K–088; possession of a controlled substance with intent to deliver, Wells County case number 02–K–089; and delivery of alcoholic beverages to a person under twenty-one years of age, Wells County case number 03–K–090. On September 18, 2002, the district court consolidated all four counts. On October 10, 2002, Smith moved to suppress all items seized by law enforcement officers and all of the statements he made during the arrest. Smith's motion included only Wells County case number 02–K–089 in its motion heading. The district court held a hearing on February 5, 2003 on the motion to suppress and issued a

memorandum and order denying the motion to suppress on October 30, 2003. The transcript of the February 5 hearing included all four Wells County case numbers, while the memorandum contained only the Wells County case number 02–K–089.

[¶ 6] A jury found Smith guilty of all charges on March 31, 2004, except for possession of a controlled substance with intent to deliver, Wells County case no. 02–K–089.

[¶ 7] In *Smith I,* this Court reversed and remanded the case to the district court for further proceedings regarding the criminal judgments for possession of drug paraphernalia and possession of a controlled substance. Smith's motion, made prior to trial, to suppress all evidence and statements made the day of his arrest, included only case number 02–K–089. *Id.* at ¶ 10. The motion omitted case numbers 02–K–087, 02–K–088, and 02–K–090 (the case number for the charge of delivery of alcoholic beverages to a person under twenty-one years of age which is the subject of this appeal). *Id.* The district court's memorandum and order denying the motion to suppress also included only case number 02–K–089. *Id.* This Court held the omission of the criminal case numbers on the district court's memorandum and order denying the motion was a clerical error and Smith properly preserved his right to appeal. *Id.* However, in *Smith I,* this Court considered only case numbers 02–K–087 and 02–K–088. *Id.* This Court did not discuss case number 02–K–090. *Id.* This Court specifically stated, "Smith is appealing two criminal judgments: possession of drug paraphernalia, Wells County number 02–K–087; and possession of a controlled substance, Wells County number 02–K–088." *Id.*

[¶ 8] On remand, the district court, finding that the law enforcement stop of Smith's vehicle was unlawful, dismissed all charges except the charge for delivery of alcoholic beverages to a person under twenty-one years of age, case number 02–K–090. The district court found that because the opinion in *Smith I* did not specifically mention case number 02–K–090 as an omission based on a clerical error and stated only case numbers 02–K–087 and 02–K–088 were being appealed, Smith did not properly appeal 02–K–090. Therefore, the district court concluded the conviction on that charge was final and never appealed and the court did not dismiss it.

[¶ 9] After the opinion in *Smith I* was issued, Smith filed the motion to refund fines and administrative fees which is the subject of this appeal.

## II

[¶ 10] Rule 3(c)(2), N.D.R.App.P., governs the content of a notice of appeal and provides in part that the notice of appeal must "(2) designate the judgment, order, or part thereof being appealed." This Court has acknowledged the liberal federal standard under the substantially similar federal rule. *See State v. Clark,* 1997 ND 199, ¶ 5, 570 N.W.2d 195 (quoting from explanatory note to N.D.R.App.P. 1 in effect at that time and stating " '[I]t is contemplated that the federal practice and authority will apply to those rules which have substantially the same form as their federal counterpart' "). "Courts construe Rule 3, F.R.App.P., liberally in favor of appellants." *Id.* " '[W]hile we have not directly stated that *notices* of appeal are to be liberally construed in favor of their sufficiency, many other courts have' and we have 'allowed appeals under similar reasoning.' " *See id.* (quoting *Biesterfeld v. Asbestos Corp. of America,* 467 N.W.2d 730, 735 (N.D.1991) (emphasis in original)).

[¶ 11] The Eighth Circuit has stated the contents of a notice of appeal are not to be strictly construed and review

is generally permitted, provided "the intent of the appeal is obvious and the adverse party shows no prejudice." *In re Nat'l Warranty Ins. Risk Retention Group*, 384 F.3d 959, 964 (8th Cir.2004). The United States Supreme Court has stated the purpose of requiring a litigant to specifically indicate his intent to seek appellate review by filing a notice of appeal is to ensure that the filing provides sufficient notice to other parties and the courts. *Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992). "Thus, the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." *Id.*

[¶ 12] This Court's opinion in *Smith I* did not consider case number 02–K–090 to be appealed at that time. This Court clearly left case number 02–K–090 out of its opinion and decided all the issues presented but did not discuss the charge of delivery of alcoholic beverages to a person under twenty-one years of age. The two case numbers considered in *Smith I* were drug-related violations whereas case number 02–K–090 was an alcohol-related violation. Smith allowed the case to proceed through appeal, oral argument, and a written opinion by this Court without ever attempting to correct the notice of appeal. After the *Smith I* opinion was issued, Smith did not file a petition for rehearing asking the Court to consider case number 02–K–090. The State relied on the fact that case number 02–K–090 was not addressed in *Smith I* and believed the conviction in case number 02–K–090 was no longer appealable. It would be prejudicial to the State for this Court to now construe the notice of appeal as sufficient to have appealed case number 02–K–090 when this Court obviously did not consider it as part of Smith's appeal. Insofar as Smith's argument may now be construed as an attempt to appeal the conviction in case number 02–K–090, the appeal is too late and is not before this Court.

[¶ 13] Smith's motion for a refund of fines and administrative fees paid related to his three criminal convictions, two of which were dismissed after *Smith I*. Generally, when a district court grants or denies a motion for relief from a judgment, the Supreme Court reviews the district court's decision under an abuse of discretion standard. *See Citibank v. Reikowski*, 2005 ND 133, ¶ 6, 699 N.W.2d 851 (reviewing the trial court's denial of a motion for relief from a default judgment to determine whether the court abused its discretion); *Johnson v. Nodak Mutual Ins. Co.*, 2005 ND 112, ¶ 18, 699 N.W.2d 45 (reviewing a trial court's denial of a motion for a new trial and for relief from a judgment under the abuse of discretion standard); *see also N.D. Human Rights Coal. v. Bertsch*, 2005 ND 98, ¶ 11, 697 N.W.2d 1 (stating a court's ruling on a motion to reconsider is subject to review under the abuse of discretion standard). "A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *Citibank*, 2005 ND 133, ¶ 6, 699 N.W.2d 851.

[¶ 14] The district court found the fines and administrative fees paid by Smith to be appropriate in light of his conviction in case number 02–K–090. The district court did not act in an arbitrary, unreasonable, or unconscionable manner when it found the fines and fees appropriate and denied Smith's motion for a refund. Therefore, the district court did not abuse its discretion when it denied Smith's motion.

III

[¶ 15] Affirmed.

[¶ 16] CAROL RONNING KAPSNER, DALE V. SANDSTROM, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.