2006 ND 28

**Gerard Joseph SCHWAN, Plaintiff and Appellee**

v.

**Paul FOLDEN, Defendant and Appellant.**

**No. 20050185.**

Supreme Court of North Dakota.

Jan. 31, 2006.

Tom P. Slorby of Slorby Law Office, Minot, for defendant and appellant.

Steven M. Bitz of Bucklin, Klemin & McBride, Bismarck, for plaintiff and appellee.

SANDSTROM, Justice.

[¶ 1] Paul Folden appeals the district court's grant of default judgment against him. After conducting a trial on the merits, the district court granted a motion for default judgment. In doing so, we conclude, the district court abused its discretion. We reverse and remand so that the case may be decided on the merits. Although we rule in favor of Folden, he may not tax the costs of this appeal against Gerard Schwan, because Folden has violated the North Dakota Rules of Appellate Procedure.

I

[¶ 2] This case comes before us in an unusual procedural posture. The case began when Schwan filed a claim affidavit in small claims court on December 15, 2004. The claim was for breach of contract and misrepresentations arising out of the purchase of a boat and two motors from Folden. Folden answered and removed the case to district court. By stipulation of the parties, Schwan served a more specific

complaint on Folden on January 24, 2005, which he contends included new breach of warranty claims. Folden did not file an answer until April 8, 2005.

[¶ 3] Schwan served a set of interrogatories and requests for admission on Folden on March 1, 2005. According to Folden, he replied to the discovery by improperly serving unsigned and un-notarized answers on Schwan on April 6.

[¶ 4] Schwan moved for default judgment against Folden on April 8. Trial was already set for April 11. On April 11, the district court held a bench trial on the merits of the case. At the beginning of the trial on April 11, the district court stated it would allow Folden an opportunity to respond to Schwan's motion for default judgment. At the close of the trial, rather than arguing the merits of his case, Schwan reargued his motion for default judgment, contending that Folden was late in filing his answer and did not properly respond to discovery. The court granted default judgment for Schwan, finding that those allegations in the amended complaint and requests for admission not properly answered were deemed admitted. At the close of trial, the court commented "this case should have stayed in Small Claims Court." Folden completed a response to Schwan's motion on April 15. Schwan filed a reply brief on April 18. The court's findings of fact, conclusions of law, and order granting default judgment for Schwan were entered on April 25, 2005.

[¶ 5] Small claims court had jurisdiction under N.D.C.C. § 27–08.1–01. The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 27–02–04 and §§ 28–27–01 through 28–27–02.

II

[¶ 6] The district court has discretion on whether to grant a default judgment, and its decision will not be overturned unless there has been an abuse of discretion. *Citibank (South Dakota) NA v. Reikowski*, 2005 ND 133, ¶ 6, 699 N.W.2d 851. "A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *Id.*

[¶ 7] Rule 55(a), N.D.R.Civ.P., provides, in part:

> If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the fact is made to appear by affidavit or otherwise, the court may direct the clerk to enter an appropriate judgment by default in favor of the plaintiff and against the defendant....

In *United Accounts, Inc. v. Lantz*, this Court adopted the general rule that if a plaintiff does not move for default judgment after the default has accrued or within a reasonable time after the default has accrued, and the answer is subsequently filed, the plaintiff waives its right to default judgment for a defendant's failure to appear. 145 N.W.2d 488, 491 (N.D.1966) (*citing* 30A Am.Jur. *Judgments* § 203 (1940)). The Court stated:

> The entry of a default against defendant is merely a privilege which may or may not be exercised by plaintiff, and which is waived by his proceeding with the cause without taking advantage of the default in the proper time and manner, unless he was ignorant of the default at the time.

*Id.* (*citing* 49 C.J.S. *Judgments* § 203 (1955)).

[¶ 8] Other jurisdictions have held that litigants also waive their right to default

judgment by proceeding with a trial rather than securing a default judgment. *Ewing v. Johnston*, 175 Ga.App. 760, 334 S.E.2d 703, 707 (1985) ("Acts which have been held to constitute waiver include: . . . going to trial on the merits, or announcing ready for trial and introducing evidence on the merits.") (citations omitted); *Johnson v. Gib's W. Kitchen, Inc.*, 338 N.W.2d 872, 873 (Iowa 1983) ("We conclude that the court did not abuse its discretion in overruling plaintiff's motion for a default judgment made during trial at the close of plaintiff's case."); *Kuykendall v. Circle, Inc.*, 539 So.2d 1252, 1254 (La.Ct.App.1989) ("Kuykendall, having proceeded to trial on the merits without confirming his preliminary default, waived his right to a default judgment."); *Barber & McMurry, Inc. v. Top–Flite Development Corp.*, 720 S.W.2d 469, 472 (Tenn.Ct.App.1986) ("the plaintiff, by going to trial without timely pursuing a default judgment as to this defendant prior to trial, waived the right to rely upon Delozier's failure to answer as a basis for judgment").

[¶ 9] This Court has a strong preference for deciding cases on their merits rather than by default judgment. *Filler v. Bragg*, 1997 ND 24, ¶ 14, 559 N.W.2d 225. The rule that a litigant waives its right to default judgment when it proceeds with a trial corresponds with our preference to decide a case on its merits. It is illogical to proceed with trial, hear evidence from each party, and expend judicial resources, only to decide the case with a default judgment. The preference would be to decide this case on the merits, because the merits have already been heard. We hold that a litigant who proceeds to trial rather than pursuing a default judgment waives its right to default judgment.

[¶ 10] The district court held a bench trial on the merits of the case. At the beginning of trial, the district court

stated that it would allow Folden an opportunity to respond to Schwan's motion for default judgment but that it wanted to hear the merits of the case at that time. Folden's counsel stated at the trial that he would not push Schwan to proceed with the merits if Schwan was not ready. Counsel for Schwan replied, "I guess Your Honor, we're ready to proceed with the case. We were just moving forward with the assumption that the damages issues, that we were going to be focusing in on the damages issue being, you know, we had admissions of fact, but we will proceed with the case." By proceeding with the case, Schwan and Folden presented the district court with the evidence it needed to decide the case on the merits. By proceeding to trial, Schwan waived his claim for default judgment, and the district court abused its discretion by granting Schwan's motion for default judgment rather than deciding the case on the merits.

[¶ 11] Counsel for Folden argued at oral argument that even if the default judgment was in error, the judgment could still be enforceable as a judgment on the merits. This argument ignores the language of the district court's findings of fact, conclusions of law, and order for judgment, which states, "The Court need not reach a decision on the merits of the case, as Defendant is in default." The district court made no decision on the merits, so the judgment is unenforceable.

### III

[¶ 12] Ordinarily, under Rule 39(a)(3), N.D.R.App.P., "if a judgment is reversed, costs are taxed against the appellee." Rule 13, N.D.R.App.P., however, provides, "The supreme court may take appropriate action against any person failing to perform an act required by rule or court order."

[¶ 13] Here, Folden's appendix contains items not in the record before the district court. "Only items in the record may be included in the appendix. The author's signature on the brief, under N.D.R.App.P. 32, certifies compliance with this rule." N.D.R.App.P. 30(a)(1). This rule prohibits parties from trying to sway this Court with materials and information that were not before the district court. Therefore, we exercise our sanction power provided for in N.D.R.App.P. 13, and hold that Folden may not tax any costs for this appeal against Schwan.

### IV

[¶ 14] Schwan waived his right to default judgment when he proceeded to try the case on its merits. The district court abused its discretion when it granted default judgment. The district court's default judgment is reversed, and this case is remanded for a decision on the merits.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.