2009 ND 12

**CITIBANK (SOUTH DAKOTA) NA, Plaintiff and Appellee**

v.

**Sarah M. REIKOWSKI, Defendant and Appellant.**

**No. 20080218.**

Supreme Court of North Dakota.

Feb. 3, 2009.

Joel R. Boon, Johnson, Rodenburg & Lauinger, Bismarck, ND, for plaintiff and appellee.

Sarah Reikowski–Hart, pro se, Redfield, SD, defendant and appellant; on brief.

CROTHERS, Justice.

[¶ 1] Sarah Reikowski appeals the district court's order (1) denying her motion to vacate summary judgment, (2) granting Citibank summary judgment, (3) denying her motion for a new trial, (4) denying her motion to vacate the order which vacated the stay of litigation pending arbitration and (5) dismissing her counterclaim. We conclude the first two issues are dispositive because litigation should have been stayed after Reikowski filed her motion for stay and to compel arbitration. We therefore vacate the order for summary judgment and judgment, and reverse the order denying the motion to vacate summary judgment and remand the case for entry of an order staying litigation pending arbitration.

I

[¶ 2] This case has a long history, including an earlier appeal to this Court. *Citibank v. Reikowski*, 2005 ND 133, 699 N.W.2d 851. However, only a subset of the total facts are relevant to this appeal.

[¶ 3] Citibank sued Reikowski in a North Dakota court, alleging she failed to pay Citibank $13,612.45 due on a credit card account. Citibank obtained default judgment against Reikowski, which judgment this Court vacated, when the case was reversed and remanded for further proceedings. *Citibank*, at ¶ 11. Citibank moved for summary judgment in August 2007. On September 22, 2007, Reikowski moved under terms of the Citibank credit card agreement to stay the legal proceedings pending arbitration. On September 28, 2007, Citibank responded by agreeing to stay litigation if arbitration proceedings were commenced within 30 days and were conducted in compliance with the credit card agreement. Notwithstanding Reikowski's motion to stay litigation and to arbitrate and Citibank's concurrence, on October 1, 2007 the district court entered an order granting Citibank summary judgment. Judgment was entered in favor of Citibank on October 24, 2007. Inexplica-

bly, on that same day the district court also entered an order staying litigation pending arbitration.

## II

[¶ 4] Reikowski argues the district court erred granting Citibank summary judgment because litigation should have been stayed to permit commencement of arbitration proceedings. We agree.

[¶ 5] The credit card agreement contains an arbitration clause stating:

"At any time you or we may ask an appropriate court to compel arbitration of Claims, or to stay the litigation of Claims pending arbitration, even if such Claims are part of a lawsuit, unless a trial has begun or a final judgment has been entered."

Both parties agree no trial had begun at the time of Reikowski's motion to stay litigation pending arbitration or by when Citibank concurred. Both parties also agree no final judgment had been entered at the time of Reikowski's motion or Citibank's concurrence. These facts and the terms of the credit card agreement establish that the present dispute was subject to arbitration.

[¶ 6] The credit card agreement specifies that federal law and South Dakota law apply to disputes between the parties. The agreement states:

"Applicable Law: The terms and enforcement of this Agreement shall be governed by federal law and the law of South Dakota, where we are located."

Reikowski argues sections 3, 7 and 9 of the Federal Arbitration Act ("FAA") and section 7 North Dakota's version of the Uniform Arbitration Act support her position. *See* 9 U.S.C. §§ 3, 7 and 9 (1999) and N.D.C.C. ch. 32–29.3–07. Citibank responds Reikowski failed to argue in the district court that North Dakota's arbitra-

tion law controlled and her argument is therefore waived. Citibank also argues that the credit card agreement requires application of South Dakota law, but that Reikowski has never argued for application of South Dakota law.

[¶ 7] We agree Reikowski did not specifically argue for application of South Dakota's arbitration laws. We have previously addressed the situation where the correct law was not cited by the parties or applied by the district court:

"Our general rule is that questions not raised before the district court will not be considered on appeal. *Griggs v. Fisher*, 2006 ND 255, ¶ 8, 725 N.W.2d 201. However, this rule cannot be applied so narrowly that we affirm erroneous or incomplete applications of law in favor of judicial expediency. Therefore, it is appropriate we consider and apply the correct statutes in this case, even if they were not presented to the district court in the first instance. *See State ex rel. Bank of North Dakota v. Larsen*, 515 N.W.2d 178, 182 (N.D.1994) (quoting *Elder v. Holloway*, 510 U.S. 510, 512, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994)) ("We have a duty to conduct appellate review 'in light of all relevant precedents, not simply those cited to or discovered by the district court.' Otherwise, decisions might turn on 'shortages in counsels' or the court's legal research or briefing,' and 'could occasion appellate affirmation of incorrect legal results.' "); *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.")."

*D.G.L. Trading Corp. v. Reis,* 2007 ND 88, ¶ 7, 732 N.W.2d 393.

[¶ 8] South Dakota's arbitration law requires a stay when:

"*Any action or proceeding involving an issue subject to arbitration shall be stayed if* an order for arbitration or *an application therefor has been made under § 21-25A-5* [Application to compel arbitration] or, if the issue is severable, the stay may be with respect thereto only."

S.D. Codified Law § 21-25A-7 (2004) (emphasis added).

[¶ 9] Reikowski made her motion to stay litigation and compel arbitration before the district court signed the summary judgment order and a month before the court entered judgment on the order. Plain terms of section 21-25A-7 required that, upon the filing of Reikowski's application, the district court should have stayed the litigation until reaching a decision on the merits of the motion. "Ordinarily, a court that is asked to stay proceedings pending arbitration must first determine whether the parties agreed to arbitrate and the scope of that agreement." 21 Richard A. Lord, *Williston on Contracts* § 57:57, at 378 (4th ed.2001) (footnote omitted). *See also City of Hot Springs v. Gunderson's Inc.,* 322 N.W.2d 8, 11 (S.D. 1982) (Uniform Arbitration Act limits court's authority to determining whether parties have agreement to arbitrate, whether defendant has duty to arbitrate under agreement and whether defendant breached that duty.).

[¶ 10] The district court in this case was advised by filings from both parties that there was an arbitration agreement and that the dispute fell within the scope of the agreement. The district court had all of this information before it granted summary judgment. Applying South Dakota law, we conclude that the district court erred by failing to stay litigation after the motion to arbitrate was filed and that the district court further erred by granting summary judgment after Citibank conceded arbitrability of the claims and had agreed to arbitration.

[¶ 11] South Dakota law is consistent with the FAA, and the conclusion we reach under South Dakota law is the result we also reach under the FAA. Section 3 of the FAA provides:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

9 U.S.C. § 3.

[¶ 12] Section 3 of the FAA is consistent with section 7 of South Dakota's arbitration law requiring a stay of litigation. Here, the district court erred because Reikowski's application and Citibank's concurrence in the request for stay preceded the district court's action on Citibank's motion for summary judgment.

### III

[¶ 13] We vacate the district court's order for summary judgment and judgment, and reverse the order denying the motion to vacate summary judgment and remand the case for entry of an order staying litigation pending arbitration.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.