**Certiorari Denied, April 3, 2013, No. 34,054**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2013-NMCA-054**

**Filing Date: December 26, 2012**

**Docket No. 30,296**

**ROCHELLE WEISS, as Personal**
**Representative for the Wrongful Death**
**Beneficiaries of Florence Zuckerman, deceased,**

   **Plaintiff-Appellee,**

**v.**

**THI of NEW MEXICO AT VALLE NORTE,**
**LLC; THI of NEW MEXICO, LLC; THI of**
**BALTIMORE, INC.; FUNDAMENTAL**
**ADMINISTRATIVE SERVICES, LLC;**
**FUNDAMENTAL CLINICAL CONSULTING,**
**LLC; and JIMMY D. MELTON, administrator,**

   **Defendants-Appellants.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Geraldine E. Rivera, District Judge**

Harvey Law Firm
Dusti D. Harvey
Jennifer J. Foote
Albuquerque, NM

The Sorey Law Firm, PLLC
R. Daniel Sorey
Longview, TX

for Appellee

Proctor & Associates, P.C.
Lori D. Proctor
Houston, TX

1

Serpe, Jones, Andrews, Callender & Bell, PLLC
John S. Serpe
Randall Jones
Houston, TX

for Appellants

**OPINION**

**CASTILLO, Chief Judge.**

**{1}**     A nursing home and its affiliates and administrator (Defendants) appeal from a district court decision denying their motion to compel arbitration and stay proceedings. The court based its denial on its conclusion that Defendants waived their right to arbitrate and that the arbitration agreement is unconscionable. Defendants also appeal the imposition of $25,000 in sanctions against them. The parties have resolved the underlying issues of waiver and unconscionability, so we do not address them. We affirm the imposition of sanctions.

**I.     BACKGROUND**

**{2}**     Because our sole issue on appeal relates to the imposition of sanctions, we provide only a short background of the events leading up to the hearing at which the sanctions were imposed. Rochelle Weiss (Plaintiff), the personal representative for Florence Zuckerman, sued Defendants over alleged injuries and harm to Mrs. Zuckerman, who died in February 2008 at the THI of New Mexico Valle Norte nursing home. Shortly after filing her complaint, Plaintiff in early March 2009 began serving discovery requests on Defendants. Over the next few months, Plaintiff granted several extensions to Defendants to respond to interrogatories and requests for production, but Defendants produced only a small percentage of the documents requested. In mid-August 2009, Plaintiffs filed a motion to compel discovery.

**{3}**     Between the filing of the motion and the motion hearing, on September 1, 2009, a scheduling conference was held, during which the district court established a time line for trial preparation activities, including deadlines for discovery, and it set  a date for a ten-day jury trial beginning in August 2010. Several days later, the parties held a teleconference regarding the production of discovery requested, but no agreement was reached. In early October 2009, the court heard Plaintiff's motion to compel, granted the motion orally, and gave Defendants two weeks, until October 21, to produce the documents. The district court issued a written order requiring the production of discovery by October 21, although the written order was not filed until October 22.

**{4}**     About this time, Defendants discovered the admission agreement signed by Mrs. Zuckerman and also noticed that it contained an arbitration clause. Based on this information, Defendants, on October 29, 2009, filed a motion to compel arbitration and to

2

stay the proceedings under the Federal Arbitration Act (FAA), 9 U.S.C. § 3 (2011). Defendants did provide some discovery on November 2 but thereafter refused to engage in discovery because their position was that the proceedings were automatically stayed upon the filing of their motion to compel arbitration.

{5}     Plaintiff filed a motion for discovery sanctions on November 12, 2009. On January 28, 2010, the district court heard Plaintiff's motion for sanctions together with Defendants' motion to compel arbitration and stay the proceedings. Defendants provided some discovery documents the day before and the day of that hearing.

{6}     The court denied Defendants' motion to compel, granted Plaintiff's motions for sanctions, imposed a $25,000 fine on Defendants, and ordered Defendants to produce all remaining discovery items within five days. Defendants appealed the district court's order. At oral argument before this Court, the parties explained that they had settled the case except for the matter of the imposition of sanctions. Accordingly, we limit our opinion to the issue of sanctions.

## II.     DISCUSSION

{7}     Defendants make two arguments. First, they argue that sanctions were inappropriate because the sanctions were based in part on litigation activities that occurred after Defendants had filed their motion to compel arbitration. According to Defendants, the filing of the motion should have automatically stayed the proceedings, and they thus were "substantially justified" in resisting discovery and were in compliance with discovery rules because they reasonably believed that the proceedings had been stayed. *See* Rule 1-037(B)(2) NMRA. In their second point, Defendants contend that the court provided no basis for the amount of the sanctions at $25,000 and did not base it on any evidence or representation of fees incurred by Plaintiff. We address each argument in turn.

### A.     Stay of the Proceedings

{8}     In their memorandum in support of their motion to compel arbitration, Defendants cited the FAA for their contention that proceedings should be stayed upon such an application. *See* 9 U.S.C. § 3. Defendants reiterated that contention in their response to Plaintiff's motion for sanctions by citing to New Mexico's Uniform Arbitration Act (the Act), NMSA 1978, §§ 44-7A-1 to -32 (2001). *See* § 44-7A-8(f). Defendants contend that the district court must automatically stay the proceedings upon receiving a motion to compel arbitration. We disagree with Defendants' reading of the statutes.

{9}     Because this involves a matter of statutory interpretation, we are faced with a question of law, and our review is de novo. *See Cooper v. Chevron U.S.A., Inc.*, 2002-NMSC-020, ¶ 16, 132 N.M. 382, 49 P.3d 61. We follow the plain meaning rule, requiring a court to give effect to a statute's language and refrain from further interpretation when the language is clear and unambiguous. *See Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M.

3

618, 930 P.2d 153.

**{10}** We first address the federal law. The FAA states that "the court . . ., upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. Rather than occurring automatically upon a motion to compel arbitration, a stay in the proceedings under the FAA occurs only when the court is satisfied that the issue is referable to arbitration. *See United Nuclear Corp. v. Gen. Atomic Co.* (*United Nuclear I*), 93 N.M. 105, 123, 597 P.2d 290, 308 (1979) ("Section 3 of the [FAA] provides for a stay of pending court action on application of one of the parties when the [district] court is satisfied that the issue involved is referable to arbitration and that the applicant for the stay of court proceedings is not in default in proceeding with such arbitration."). That language invokes the discretion of the court and requires either a hearing or a ruling by the court informed by an analysis of the viability of a request for arbitration.

**{11}** We now turn to the New Mexico statute. The Act states: "If a party makes a motion to the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section." Section 44-7A-8(f). Here, too, the stay is not triggered automatically but requires the court, "on just terms," to assess whether the claim is subject to arbitration. The New Mexico Supreme Court has spoken only once on the meaning of the phrase "just terms" and has concluded that it translates roughly to "reasonable terms." *See Pankey v. Hot Springs Nat'l Bank*, 42 N.M. 674, 683, 84 P.2d 649, 654 (1938) (stating that the phrase, in the context of bringing in another party as an appellee, means "such reasonable terms as will save the adverse party harmless in the premises" (internal quotation marks and citation omitted)). In the context of the Act, we conclude that, before staying the proceedings, a district court must utilize its reasonable discretion to determine whether a case is arbitrable.

**{12}** Adoption of Defendants' assertion that a stay of the proceedings is mandatory and is automatically triggered by a filing of a motion to compel would subvert the court's jurisdiction and lead to the absurd result of giving either party the unilateral power to halt litigation. Defendants overreach in trying to find analogous cases from other jurisdictions to support their theory. For instance, they point to *Citibank (South Dakota) NA v. Reikowski*, 760 N.W.2d 97 (N.D. 2009), for the proposition that a mere motion to compel arbitration automatically triggers a stay in the proceedings. However, that court relied on a South Dakota law with wording that is significantly different from the New Mexico statute. *See* S.D. Codified Laws § 21-25A-7 (2004) ("Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration *or an application therefor* has been made . . . ." (emphasis added)). Other state jurisdictions are equally unhelpful to Defendants' argument. And federal case law offers numerous examples of providing discretion to lower courts to determine the merits of a motion for arbitration before requiring a stay of the proceedings. *See, e.g.*, *In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002) ("A court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement."); *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001) ("[A] party

4

may demand a stay of federal judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration, unless the party seeking arbitration is 'in default' of that right." (internal quotation marks and citation omitted)); *Houlihan v. Offerman & Co.*, 31 F.3d 692, 695 (8th Cir. 1994) ("A federal court must stay court proceedings and compel arbitration once it determines that the dispute falls within the scope of a valid arbitration agreement."); *Jones v. Gen. Motors Corp.*, 640 F. Supp. 2d 1124, 1128-29 (D. Ariz. 2009) ("If a district court decides that an arbitration agreement is valid and enforceable, then it should either stay or dismiss the claims subject to arbitration."); *Lorntzen v. Swift Transp., Inc.*, 316 F. Supp. 2d 1093, 1095 (D. Kan. 2004) (stating that the FAA requires a district court to stay the proceedings in favor of an arbitration agreement except when the agreement is invalid as matter of law).

**{13}**     We conclude that because the issue was found to be not "referable to arbitration" the court could not "on just terms" order an immediate stay of the proceedings without addressing the merits of the right to arbitrate the issue at hand. 9 U.S.C. § 3; § 44-7A-8(f). Therefore, the district court had the discretion to stay or not stay the proceedings depending on the viability of the right to arbitrate, and Defendants' argument that they were justified in withholding discovery fails. Further, because the parties settled the issue of arbitrability, we need not analyze the court's justifications for denying the motion to compel arbitration and to stay the proceedings.

## B.     The Sanctions

**{14}**     We now turn to the merits of the district court's decision to impose sanctions against Defendants. At the close of the hearing on the parties' motions, the district court imposed the sanction of $25,000 based on several findings. The court found that "Defendants clearly had no intention of following" the court's October 2009 order to compel discovery and instead "unilaterally decided that all matters would be stayed." Additionally, the court described the response to Plaintiff's discovery requests as dilatory, even when considering the documents presented on the day before and day of the January 2010 hearing on sanctions. The court also found that Defendants' counsel "misrepresented several pertinent facts" during the January hearing, characterizing the attorney's statements as "careless and sloppy at best and intentional[ly] unethical at worst." We observe that the district court imposed sanctions based not only on its statutory authority to manage the discovery process but also on the court's inherent powers to control the proceedings. *See State ex rel. N.M. State Highway & Transp. Dep't v. Baca* (*Baca*), 120 N.M. 1, 4, 896 P.2d 1148, 1151 (1995) (concluding that courts have "inherent power to impose . . . sanctions on both litigants and attorneys . . . to regulate their docket, promote judicial efficiency, and deter frivolous filings" (internal quotation marks and citation omitted)); *Seipert v. Johnson*, 2003-NMCA-119, ¶ 9, 134 N.M. 394, 77 P.3d 298 (stating that a "district court could properly sanction under its inherent power to control the litigation and the conduct of the parties before it").

## 1.     Standard of Review

**{15}** "We review a [district] court's decision to impose discovery sanctions under Rule 1-037(B)(2) for an abuse of discretion." *Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 13, 131 N.M. 317, 35 P.3d 972. Under this standard, "we will disturb the [district] court's ruling only when the [district] court's decision is clearly untenable or contrary to logic and reason." *Id.* (internal quotation marks and citation omitted). "In conducting our review[,] we must be mindful of the nature of the conduct and level of culpability found by the [district] court and whether the [district] court's sanction appears more stern than necessary in light of the conduct prompting the sanction." *Enriquez v. Cochran*, 1998-NMCA-157, ¶ 20, 126 N.M. 196, 967 P.2d 1136. "[I]mplicit in the standard of review is the question of whether the court's findings and decision are supported by substantial evidence." *Id.*

**{16}** The abuse of discretion standard is also used for review of the imposition of Rule 1-011 NMRA sanctions, *see Rangel v. Save Mart, Inc.*, 2006-NMCA-120, ¶ 12, 140 N.M. 395, 142 P.3d 983, and for bad faith participation in a settlement conference or mediation. *See Carlsbad Hotel Assocs. v. Patterson-UTI Drilling Co.*, 2009-NMCA-005, ¶ 20, 145 N.M. 385, 199 P.3d 288. We conclude that this same standard can be used in evaluating sanctions imposed based on the inherent power of a court to control its proceedings.

## 2.     The Basis for Sanctions

**{17}** Discovery sanctions "may only be imposed when the failure to comply is due to the willfulness, bad faith or fault of the disobedient party." *United Nuclear Corp. v. Gen. Atomic Co.* (*United Nuclear II*), 96 N.M. 155, 202, 629 P.2d 231, 278 (1980). Sanctions are intended to "preserve the integrity of the judicial process and the due process rights of the other litigants." *Sanchez v. Borrego*, 2004-NMCA-033, ¶ 19, 135 N.M. 192, 86 P.3d 617 (internal quotation marks and citation omitted). New Mexico's rules of civil procedure state that if a district court grants a motion to compel discovery

> the court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney[] fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Rule 1-037(A)(4). The court gave its order to compel discovery orally from the bench on October 7, 2009, giving Defendants two weeks to produce all documents requested. We have previously noted that our "Supreme Court has held that a district court's oral ruling may justify sanctions under Rule 1-037." *Allred ex rel. Allred v. Bd. of Regents of the Univ. of N.M.*, 1997-NMCA-070, ¶ 19, 123 N.M. 545, 943 P.2d 579. Here, the district court followed up with a written order on October 22, listing the deadline as October 21.

**{18}** Rather than comply with the order to compel discovery, Defendants responded a week later, on October 29, by filing their motion to compel arbitration and to stay the

6

proceedings. Defendants did not comply with the court's order of October 7 because they claimed that they needed 120 days to do so, not the fourteen days provided by the court's oral and written orders or the thirty days offered by Plaintiff's counsel. At no point did Defendants file a motion for a protective order or claim a privilege with respect to the documents sought by Plaintiff. *See* Rule 1-037(D) ("The failure to act . . . may not be excused on the grounds that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 1-026 NMRA."); Rule 1-026(B)(7)(a) ("When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection . . ., the party shall make the claim expressly[.]").

**{19}** Defendants' dilatory responses to discovery requests "were not merely accidental or inadvertent." *Enriquez*, 1998-NMCA-157, ¶ 33. Instead, Defendants' actions "show a sustained and deliberate disobedience of the court orders concerning discovery." *Miller v. City of Albuquerque*, 88 N.M. 324, 331, 540 P.2d 254, 261 (Ct. App. 1975) ("Under these circumstances[,] we cannot say that the award of attorney fees . . . was unfair, arbitrary, manifest error, or not justified by reason."). We conclude that substantial evidence existed below for the district court to impose sanctions on Defendants for their discovery violations and misrepresentations to the court.

### 3. The Amount of Sanctions

**{20}** Defendants further argue that the judge provided no reasoning behind the $25,000 amount of the sanction and did not base it on any evidence or representation of fees incurred by Plaintiff.

**{21}** Discovery sanctions short of dismissal are commonly based on the moving party's costs and attorney fees that result from the dilatory party's failure to comply with discovery requests and orders. *See, e.g.*, *In re Chavez*, 2000-NMSC-015, ¶¶ 32-33, 129 N.M. 35, 1 P.3d 417; *Gonzales v. Surgidev Corp.*, 120 N.M. 151, 155, 899 P.2d 594, 598 (1995). The New Mexico Supreme Court has stated that a district court "must award reasonable expenses to the affected party when the other party has failed to comply with a discovery order." *Marchman v. NCNB Tex. Nat'l Bank*, 120 N.M. 74, 91, 898 P.2d 709, 726 (1995). "In determining the nature of the sanctions to be imposed, the [district] court must balance the nature of the offense, the potential prejudice to the parties, the effectiveness of the sanction, and the imperative that the integrity of the court's orders and the judicial process must be protected." *Enriquez*, 1998-NMCA-157, ¶ 48. It is appropriate that the "sanctions imposed [be] proportional to the offenses." *Gonzales v. N.M. Dep't of Health*, 2000-NMSC-029, ¶ 16, 129 N.M. 586, 11 P.3d 550.

**{22}** In the case before us, Defendants' actions went beyond mere violations of discovery rules to include material misrepresentations to the court. We have long held that a court's power is broader than merely the statutory authority to impose sanctions to cover a prejudiced party's costs when the offending party has violated a rule or statute. *See Miller*,

88 N.M. at 329, 540 P.2d at 259 ("[C]ourts have inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Further, our Supreme Court has concluded that "an award of attorney fees without a basis in a statute, contractual provision, or court rule may be justified as an exercise of a court's inherent powers when litigants, their attorneys, or both have engaged in bad faith conduct before the court or in direct defiance of the court's authority." *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 16, 127 N.M. 654, 986 P.2d 450 (internal quotation marks and citations omitted). Our Supreme Court has thus recognized that "a court's inherent authority extends to all conduct before that court and encompasses orders intended and reasonably designed to regulate the court's docket, promote judicial efficiency, and deter frivolous filings." *Baca*, 120 N.M. at 8, 896 P.2d at 1155; *see Martinez v. Martinez*, 1997-NMCA-096, ¶ 23, 123 N.M. 816, 945 P.2d 1034 (reiterating that "courts have inherent power to impose sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous claims"). In that vein, "a court must be able to command the obedience of litigants and their attorneys if it is to perform its judicial functions." *Baca*, 120 N.M. at 4, 896 P.2d at 1151. In these circumstances, a court is permitted to "vindicate its judicial authority" and impose sanctions. *Id.* at 5, 896 P.2d at 1152; *accord Landess v. Gardner Turf Grass, Inc.*, 2008-NMCA-159, ¶ 19, 145 N.M. 372, 198 P.3d 871; *In re Jade G.*, 2001-NMCA-058, ¶ 28, 130 N.M. 687, 30 P.3d 376 ("Under its inherent authority, a court may sanction parties and attorneys to ensure compliance with the proceedings of the court."). In the case before us, the district court had the authority to exercise its inherent authority to impose sanctions in order to regulate its docket and preserve the integrity of the judicial process.

**{23}** In penalizing Defendants $25,000, the court chose to impose a sanction less severe than dismissal of the case or the striking of an affirmative defense. In *Allred*, we deemed the more severe sanction of dismissal appropriate after the district court found "that [the p]laintiffs' conduct in failing to comply with reasonable discovery requests and [the p]laintiffs' misrepresentations to the court constituted a pattern of disregard for the discovery rules and the rulings of the court." 1997-NMCA-070, ¶ 26. Here, under similar circumstances, the district court imposed a less severe monetary sanction that is permitted when exercising its inherent powers. *See Avlin Inc. v. Manis*, 1998-NMCA-011, ¶ 12, 124 N.M. 544, 953 P.2d 309. It is true that the court did so without evidence presented by Plaintiff itemizing her discovery costs that resulted from Defendants' dilatory discovery conduct. At the hearing on sanctions, however, Plaintiff did inform the court that Defendants had claimed that it would cost them $50,000 to comply with the October discovery order. The court could have reasonably halved that figure to come up with the $25,000 sanction. *Cf. MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 628 n.13 (8th Cir. 2003) (considering $25,000 the "minimum amount a [c]ourt can award in order to deter" a law firm's improper behavior); *In re White*, 18 Cal. Rptr. 3d 444, 471 (Ct. App. 2004) (considering $25,000 "a reasonable and responsible monetary sanction to compensate this court in part for the cost of processing, reviewing, and deciding" frivolously filed writ petitions); *Barnhill v. Iowa Dist. Ct. for Polk Cnty.*, 765 N.W.2d 267, 277 (Iowa 2009) (affirming a $25,000 sanction without a specific accounting because "it balanced the twin purposes of compensation and deterrence set forth in our case law"); *Multifeeder Tech., Inc.*

*v. British Confectionery Co.*, 2012 WL 4135848, \*10 (D. Minn. 2012) (mem. & order) (ordering a sanction of $25,000 "for the abuse of the [c]ourt's processes"); *Zurich Reinsurance (UK) Ltd. v. Canadian Pacific, Ltd.*, 613 N.W.2d 760, 766 (Minn. Ct. App. 2000) (concluding that the district court did not abuse its discretion in awarding $25,000 to insured as sanction for indemnity insurer's refusal to admit that insured could enter into a reasonable settlement of claims without insurer's authorization or consent); *Skepnek v. Mynatt*, 8 S.W.3d 377, 380-81 (Tex. App. 1999) (upholding a $25,000 sanction to be paid into registry of court for filing a false affidavit).

**{24}** In addition, an award of sanctions need not be tied to the prejudice to the opposing party but may be linked to the affront to the court and the judicial process. *See Sanchez*, 2004-NMCA-033, ¶ 19 (stating that "whether prejudice to [the d]efendant resulted is not the issue; the issue is counsel's abuse of the discovery process"); *Reed v. Furr's Supermarkets, Inc.*, 2000-NMCA-091, ¶ 29, 129 N.M. 639, 11 P.3d 603 (stating that "the overriding concern is abuse of the discovery process"). "[A]n abuse of the discovery process affects more than private litigants. It also affects the integrity of the court and, when left unchecked, would encourage future abuses." *Gonzales*, 120 N.M. at 157, 899 P.2d at 600.

**{25}** Here, the district court found not only that "Defendants clearly had no intention of following" the court's order to compel discovery but also that their counsel "misrepresented several pertinent facts to the [c]ourt" at the January 2010 hearing. The court also noted that Defendants' counsel failed to read the briefs and a key Plaintiff's affidavit. Thus, Defendants' misconduct went beyond the discovery violations; the court also warned Defendants' counsel not to come before the judge again with misrepresentations because they had not read the briefs or because they had not done the work. The court's award of sanctions encompassed both discovery violations covered by the rules and misbehavior before the court that fell under the court's inherent powers to "command the obedience of litigants" and "vindicate its judicial authority." *Baca*, 120 N.M. at 4, 5, 896 P.2d at 1151, 1152. We cannot say in this instance that the imposition of $25,000 in sanctions was not supported by substantial evidence or that they were not proportional to the offenses committed, *see Gonzales*, 2000-NMSC-029, ¶ 16, or that the sanctions were "more stern than reasonably necessary." *United Nuclear II*, 96 N.M. at 241, 629 P.2d at 317 (internal quotation marks and citation omitted); *see Seipert*, 2003-NMCA-119, ¶ 20 (stating that "an affront to the court . . . warrants the imposition of sanctions severe enough to put a stop to the practice"); *Pizza Hut of Santa Fe, Inc. v. Branch*, 89 N.M. 325, 328, 552 P.2d 227, 230 (Ct. App. 1976) (noting that "[s]anctions may be light or drastic dependent on the facts and circumstances of each case" and affirming a sanction that the district court "conscientiously believed . . . was reasonable and proper"). "It is not our responsibility as a reviewing court to say whether we would have chosen a more moderate sanction." *United Nuclear II*, 96 N.M. at 239, 629 P.2d at 315 (internal quotation marks and citation omitted).

**{26}** We conclude that the district court did not abuse its discretion in deciding to award sanctions based on Defendants' failure to comply with the discovery order and their counsel's misrepresentations and unpreparedness in court.

9

## III.    CONCLUSION

{27}    For the foregoing reasons, we affirm the district court's granting of Plaintiff's motion for discovery sanctions.

{28}    **IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**I CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

**TIMOTHY L. GARCIA, Judge (dissenting)**

**GARCIA, Judge (dissenting).**

{29}    I respectfully dissent in this case. I agree with the majority that the district court did not abuse its discretion when it determined that Defendants' dilatory response to discovery requests warranted the imposition of a monetary sanction under Rule 1-037(A)(4). Plaintiff was entitled to recover the reasonable expenses incurred in obtaining the production of the documents requested, including attorney fees. Majority Opinion, ¶¶ 17-19. When this monetary sanction was imposed, however, it is undisputed that Plaintiff had not been given the opportunity to present any evidence to establish the actual amount of its reasonable expenses and attorney fees incurred due to Defendants' dilatory acts in withholding discovery. Majority Opinion, ¶ 23. Effectively, no evidence was presented, substantial or otherwise, regarding the reasonable expenses and attorney fees incurred in obtaining the production of the documents requested. *See Gonzales*, 2000-NMSC-029, ¶ 15 (recognizing that discovery sanctions are fact-based and must be supported by substantial evidence).

{30}    Although the majority presents a reasonable premise that the district court can also use its inherent authority to control the proceedings in its courtroom and impose a sanction, there is no indication in the record that the district court actually exercised its inherent authority in this case. Majority Opinion, ¶¶ 16, 22-25. Despite the fact that substantial monetary sanctions may well be warranted under Rule 1-037(A)(4) for the dilatory tactics practiced by Defendants in order to deny the discovery ordered by the district court, based upon the record before us, it is impossible to determine whether the $25,000 sanction imposed by the court was clearly untenable or contrary to logic or reason. Without some means of measurement, we have no justifiable way to determine whether the district court acted properly and did not abuse its discretion. *See Baca*, 120 N.M. at 8, 896 P.2d at 1155 ([G]eneralized conclusions, without more, do not justify a finding of bad faith sufficient to support an attorney's fee award."). The actual evidence may support a different result. It

10

is impossible to make such a determination at this time.

**{31}**  I recognize and understand the district court's frustration with Defendants and how this may have led to a hasty decision regarding the award of sanctions.  Not only had Defendants already stonewalled the discovery process, but they also appeared at the January 2010 hearing unprepared and made misrepresentations that were "careless and sloppy at best and intentionally unethical at worst."  Despite this conduct, I cannot agree with the majority that the sanction imposed by the district court at the January 2010 hearing was based upon its inherent authority.  Plaintiff should have been awarded the reasonable expenses and attorney fees that they incurred under Rule 1-037(A)(4) due to Defendants' conduct, including the time and expense incurred at the January 2010 hearing.  This matter should be remanded to the district court to hold an evidentiary hearing in order to determine the amount of expenses and attorney fees Plaintiff actually incurred and is now entitled to receive as a sanction imposed against Defendants under Rule 1-037(A)(4).

_____
**TIMOTHY L. GARCIA, Judge**

**Topic Index for** *Weiss v. THI of N.M. at Valle Norte, L.L.C.***, No. 30,296**

**APPEAL AND ERROR**
Standard of Review

**CIVIL PROCEDURE**
Arbitration
Discovery
Sanctions
Stay of Proceedings

**EVIDENCE**
Discovery

**REMEDIES**
Arbitration

**STATUTES**
Interpretation
Legislative Intent