Ronald L. SVARD, d.b.a. Svard Construction Company, Plaintiff and Appellee,

v.

D. J. BARFIELD, Defendant and Appellant,

and

Marshall Goodman, Defendant.

Civ. No. 9710.

Supreme Court of North Dakota.

April 21, 1980.

Solberg, Stewart & Boulger, Fargo, for plaintiff and appellee.

Gilbert R. Neset, Fargo, for defendant and appellant D. J. Barfield.

SAND, Justice.

D. J. Barfield appealed from an order of the Cass County district court which denied his motion for relief from a default judgment entered against him and in favor of Ronald L. Svard, d. b. a. Svard Construction Company [Svard] on 23 March 1979. We reversed and remand.

On 26 Feb. 1979, Svard commenced this action against Barfield and Marshall Good-

man for money allegedly due Svard on a construction contract pursuant to which Svard built a small building referred to as a "shutter hut" to be used as a deposit and pick-up point for the development of photographic film. Approximately two weeks later, a meeting was held at a Moorhead, Minnesota, restaurant between Barfield, Svard, Goodman, and Richard Zastrow, a representative of CKZ Leasing of Fargo, North Dakota. At the time of the meeting, Barfield had no legal counsel, and no counsel was present for any of the other parties.

No answer was filed by Barfield, and on 20 March 1979 Svard, without further notice to Barfield, submitted to the Cass County district court an affidavit of no answer, which also stated that Barfield made no appearance, and a motion for default judgment. The restaurant negotiation meeting was not mentioned. Judgment on default was entered against Barfield on 23 March 1979. No judgment was ever entered in this case against Goodman.

On 25 June 1979, Barfield moved the district court pursuant to Rule 60(b), North Dakota Rules of Civil Procedure, for relief from the default judgment on the basis of mistake, inadvertence, surprise, or excusable neglect, and that the default judgment was obtained by misrepresentation, misconduct, and deceit by Svard. The motion was accompanied by Barfield's proposed answer which raised several affirmative defenses to Svard's complaint, and an affidavit which stated that Barfield was misled and defrauded by CKZ Leasing and Svard at their restaurant negotiation meeting regarding the shutter hut.

Barfield stated in his affidavit of merit which accompanied his motion for relief from default judgment that CKZ Leasing orally agreed at the restaurant meeting to either place financing on, or personally fi-

nance and pay for the shutter hut which had already been constructed by Svard. This item was included in the lawsuit. Barfield's affidavit also stated that all parties left the meeting satisfied that all difficulties had been resolved. Svard responded in his affidavit [1] resisting the motion for relief from default judgment that at no time did he or his attorney communicate with Barfield that the lawsuit was delayed, abandoned, settled, or that Barfield did not have to answer the summons and complaint. But neither did Svard's affidavit mention the meeting at the restaurant.

The district court, on 8 Aug. 1979, heard arguments, but no oral testimony, on the motion and denied the motion on 16 August 1979. The district court held that Barfield's motion was without merit and failed to present any showing of mistake, inadvertence, surprise, or excusable neglect, or that the judgment was obtained by misrepresentation, misconduct or deceit by Svard, or any other basis for which relief was available under Rule 60(b), NDRCivP.

Barfield appealed the denial of his motion for relief from default judgment to this court, and urged in his brief that the district court action was an abuse of discretion. Oral arguments were waived in this case by both parties.

The test generally employed by this court in reviewing a district court's denial of a motion for relief from a default judgment under Rule 60(b), NDRCivP, is whether or not the district court abused its discretion. *State Bank of Towner v. Rauh*, 288 N.W.2d 299 (N.D.1980); *Bettger v. Bettger*, 280 N.W.2d 915 (N.D.1979); *Small v. Burleigh County*, 239 N.W.2d 823 (N.D.1976). Even if a finding of fact were included, because no oral testimony was presented, Rule 52(a), NDRCivP, would have little or no application. See footnote in *Keidel v.*

---

1. Svard's affidavit consisted of a statement that he read the contents of the reply to the motion for relief from default judgment and knew that the same were true and correct except as to those matters based on belief, and as to those matters he believed them to be true and adopted and incorporated all the allegations in the reply to motion for relief from

default judgment and made them a part of the affidavit as if fully set out. The difficulty with this type of affidavit is that the reply was a mixture of argument and fact and requested relief, making it extremely difficult, if not impossible, to determine where one ends and the other begins.

*Rask*, 290 N.W.2d 255 (N.D.1980). Nevertheless, it is our opinion that the appropriate resolution of this case lies in the stipulations and construction of Rule 55, NDRCivP, even though neither specifically raised this issue below. *Soo Line Railroad Co. v. State of North Dakota*, 286 N.W.2d 459, 464 (N.D.1979). A motion under Rule 60(b), NDRCivP, by implication may involve the requirements of Rule 55, NDRCivP.

In *United Accounts, Inc. v. Lantz*, 145 N.W.2d 488 (N.D.1966), this court had under consideration the question whether or not an answer filed after the time to answer had expired but before application for default judgment was made constituted an appearance for purposes of Rule 55, NDRCivP. The motion to vacate the judgment was made under Rule 60(b), NDRCivP, but the court in disposing of the basic question referred to and relied upon Rule 55, and in effect said that an answer filed after the period to answer had expired but before the default judgment was taken made Rule 55 operational and its provisions had to be satisfied by giving eight days' notice before default application could be heard. See also, *Perdue v. Sherman*, 246 N.W.2d 491 (N.D.1976).

We think the determinative issue in this case is whether or not the restaurant meeting between Barfield, Svard, Goodman, and Zastrow, in which negotiations of the dispute included in the lawsuit took place, constituted an "appearance" by Barfield in this lawsuit under Rule 55, NDRCivP.

■■■ Rule 55, NDRCivP, provides the procedure for obtaining a default judgment. Section (a) states as follows:

"(a) *Entry*. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the fact is made to appear by affidavit or otherwise, the court may direct the clerk to enter an appropriate judgment by default in favor of the plaintiff and against the defendant as follows:

.    .    .    .    .

"(3) . . . If the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least eight days prior to the hearing on such application."

This rule is specific and mandatory. It is basically designed to insure fairness to a party or its representative and a default judgment normally must be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. If a judgment on default is rendered contrary to the provisions of Rule 55(a)(3), NDRCivP, then that judgment is irregular and voidable by the party against whom the judgment was rendered. *Perdue v. Sherman, supra; United Accounts, Inc. v. Lantz, supra*. Therefore, if Barfield's presence at the restaurant meeting was an "appearance" in this action, then he was entitled to notice of Svard's application for judgment at least eight days prior to its hearing on 20 March 1979, and in absence of such notice the default judgment was irregular and voidable by Barfield upon remand.

Rule 55 appearances have been broadly defined and not limited to formal court appearances. See, *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder L*, 139 U.S. App. 256, 432 F.2d 689 (1970); *United States v. One 1966 Chevrolet Pickup Truck*, 56 F.R.D. 459 (E.D.Texas 1972); *Dalminter, Inc. v. Jessie Edwards, Inc.*, 27 F.R.D. 491 (S.D.Tex.1961); 6 Moore's Federal Practice (2d ed. 1976) ¶ 55.05[2]; Annot., 27 A.L.R. Fed. 620 (1976); Annot., 73 A.L.R.3d 1250 (1976).

In *Christy v. Carlisle*, 584 P.2d 687 (Nev. 1978), the court held that settlement negotiations and exchange of correspondence between plaintiff's counsel and defendant's insurance representatives constituted an "appearance" within the provisions of Rule 55(a), requiring a "three-day notice" of application for default judgment and in absence of such notice default judgment was subject to being set aside. (In our analysis of the case, the settlement negotiations

were the predominant factor rather than the exchange of letters.)

The court, in *Christy*, stated:

"An appearance within the contemplation of Rule 55(b)(2) does not necessarily require some presentation or submission to the court. [Citation omitted.]"

The court also observed "that a default judgment normally must be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."

In *Christy* the court expressed its policy by stating: "It is our underlying policy to have each case decided upon its merits." This is in harmony with the policy of our court, as endorsed by the statement in *Perdue v. Sherman, supra,* wherein we said:

"We have often expressed a strong preference for having cases tried upon their merits. *Sioux Falls Construction Co. v. Dakota Flooring,* 109 N.W.2d 244 (N.D.1961); *Azar v. Olson,* 61 N.W.2d 188 (N.D.1953). It is also the policy of our courts to treat applications to reopen default judgments somewhat more leniently than applications to reopen judgments entered after contested trials. *City of Wahpeton v. Drake-Henne, Inc.,* 228 N.W.2d 324 (N.D.1975)."

In *Perdue v. Sherman, supra,* we concluded that a telephone conversation concerning the lawsuit between the defendant and the plaintiff's attorney constituted an appearance in the action for purposes of Rule 55(a)(3), NDRCivP, and the defendant was entitled to the eight days' notice of intention to enter judgment specified by that rule.

Negotiations prior to institution of a lawsuit do not constitute an appearance according to *Highfill v. Williamson,* 19 N.C.App. 523, 199 S.E.2d 469 (1973). However, approximately two years later the same court, in *Taylor v. Triangle Porsche-Audi, Inc.,* 27 N.C.App. 711, 220 S.E.2d 806 (1975), said "negotiations between parties after institution of an action may constitute an appearance" and cited *Highfill v. Williamson* to support its statement. The court also observed that a party may appear without pleading.

We conclude that Barfield's attendance at the meeting with Svard, Goodman, and Zastrow was for the purpose of negotiating the dispute involved in the lawsuit and as such it constituted an "appearance" in the action within the scope of Rule 55(a)(3), NDRCivP. The negotiation restaurant meeting took place within the 20-day period in which Barfield could have filed a timely answer pursuant to Rule 12, NDRCivP. The three parties named in the complaint and a representative of CKZ Leasing held a meeting to discuss the very subject matter involved in this dispute. From the record before us on appeal, it appeared unquestionable that the restaurant meeting which discussed the subject matter of the lawsuit was arranged because of Svard's initiation of this lawsuit. See, *Baez v. S. S. Kresge Company,* 518 F.2d 349 (5th Cir. 1975), *cert. denied* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

The ends of justice would not be met if we were to construe the language of Rule 55(a)(3), NDRCivP, so as to permit the opposing parties in a lawsuit to arrange for and hold a meeting to discuss the underlying difficulties which gave rise to the lawsuit and upon satisfactory completion of their conference (or at least leaving an impression that the matter was satisfactorily resolved) allow the plaintiff in the case to obtain a judgment by default without further notice to the then off-guard defendant. We think the rule was designed, among other things, to prevent taking advantage of individuals by putting them off-guard. The law should not and does not tolerate deception. However, if we were to rule otherwise we would indirectly encourage deception.

We conclude that Barfield made an "appearance" as contemplated by Rule 55(a)(3) when he met with Svard, Goodman, and Zastrow at the restaurant and was entitled to a notice of at least eight days under Rule 55(a)(3) prior to the court hearing the application for a default judgment against Barfield. We are not concluding that a default

judgment may never be obtained against Barfield, but that Barfield is entitled to eight days' notice before a default judgment may be heard and entered. Because the notice was not given before the application for default judgment was heard, the court should have denied the application for default judgment. The default judgment is set aside, the decision of the district court is reversed, and the case is remanded for further proceedings, if any, consistent with this opinion.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.