The FEDERAL LAND BANK OF
SAINT PAUL, a corporation,
Plaintiff and Appellee

v.

Maynard T. LILLEHAUGEN and Delores
Lillehaugen, husband and wife; and all
other persons unknown, claiming any
estate or interest in, or lien or encum-
brance upon, the property described in
the Complaint, Defendants and Appel-
lants.

Civ. No. 10888.

Supreme Court of North Dakota.

June 27, 1985.

Maynard T. Lillehaugen [argued], pro se, for defendants and appellants; appearance by Delores Lillehaugen, Brocket.

Theodore M. Camrud [argued], for Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for plaintiff and appellee.

GIERKE, Justice.

This is an appeal from an order of the District Court of Nelson County which denied a motion by Maynard T. and Delores Lillehaugen, husband and wife [the Lillehaugens], to vacate a default judgment which was entered against them on December 7, 1984. We reverse and remand.

The factual sequence of events is undisputed. The Lillehaugens borrowed $36,000 from the Federal Land Bank of St. Paul [the Land Bank] on June 18, 1980. The note was secured with a mortgage on approximately 158 acres of land in Nelson County, North Dakota. The Lillehaugens defaulted on the note by failing to pay the installment which was due on December 1, 1983. As a result, the Federal Land Bank began a foreclosure proceeding against them pursuant to Chapter 32–19 of the North Dakota Century Code. On April 30, 1984, a "Notice Before Foreclosure" was mailed to the Lillehaugens. The record contains a postal receipt for that notice signed by "D. Lillehaugen". On June 21, 1984, a summons and complaint was served upon the Lillehaugens. They did not respond with an answer. However, within 20 days of service of the summons and complaint, Maynard called and visited Jerry Simenson of the Land Bank to "ask said association what they wanted to stop the foreclosure action".

The Land Bank asserts that because no formal answer had been filed, the Lillehaugens were in default. Thus, the Land Bank submitted a motion to the district court requesting a default judgment. A hearing was held on the motion. Notice of the hearing was not given to the Lillehaugens. The Bank's request was granted by the district court and judgment was entered against the Lillehaugens. There-

after, on October 16, 1984, the Lillehaugens' land was sold at a public sale to the Federal Land Bank. The Lillehaugens submitted to the court a motion to vacate the default judgment, along with a motion for a temporary restraining order and a notice of lis pendens. Hearing was held on the motions, at which time the Lillehaugens presented their arguments pro se. The court denied the motions and the Lillehaugens appealed.

The test this court utilizes in reviewing a district court's denial of a motion for relief from a default judgment under Rule 60(b) of the North Dakota Rules of Civil Procedure is whether the court abused its discretion. *Svard v. Barfield*, 291 N.W.2d 434, 435 (N.D.1980). As we stated in *Heller v. Heller*, 367 N.W.2d 179, 184 (N.D.1985), "A trial court abuses its discretion if it misinterprets or misapplies the law." According to the transcript of the hearing on the motion to vacate, the district court concluded that the contacts with the Land Bank did not constitute an "appearance" which would have entitled them to eight days' notice of the default hearing. We conclude that the trial court misapplied Rule 55 to the facts of this case in so holding.

Rule 55, N.D.R.Civ.P., sets forth the requirements for obtaining a default judgment. Rule 55(a) provides, in pertinent part, that judgment by default may be entered:

"*(a) Entry.* When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the fact is made to appear by affidavit or otherwise...."

According to Rule 55, subsection (a)(3):

"... If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 8 days prior to the hearing on such application."

■ The Lillehaugens contend that they should have been notified of the default hearing because Maynard's phone call and subsequent visit with the Land Bank officer constituted an appearance within the scope of Rule 55. A judgment entered in noncompliance with Rule 55(a)(3) is voidable by the defaulting party. *Svard v. Barfield,* 291 N.W.2d 434, 436–437 (N.D.1980).

■ This court has on several occasions addressed the question of what circumstances constitute an "appearance" entitling a party to notice of a default hearing. *Wilson v. Wilson,* 364 N.W.2d 113 (N.D. 1985); *Bender v. Liebelt,* 303 N.W.2d 316 (N.D.1981); *Svard v. Barfield, supra; Perdue v. Sherman,* 246 N.W.2d 491 (N.D. 1976); *United Accounts, Incorporated v. Lantz,* 145 N.W.2d 488 (N.D.1966). *See also Fritz v. Hassan,* 316 N.W.2d 797, 798 n. 1 (N.D.1982); Annot., 27 A.L.R.Fed. 620, 627–629 (1976); Annot 73 A.L.R.3d 1250, 1267–1268 (1976). We construe the term "appearance" broadly. *Bender v. Liebelt, supra* 303 N.W.2d at 319. Further, a formal, written document is not required to constitute an appearance under Rule 55. In fact, our court held, in *Perdue, supra* 246 N.W.2d at 493, a quiet title action, that a telephone conversation between the appellant and an attorney for the appellee constituted an appearance, entitling the appellant to eight days' notice of intention to enter judgment.

■ The record contains no affidavits from which we can examine the circumstances surrounding the contacts with the Land Bank. Notwithstanding the absence of affidavits, we are able to determine as a matter of law whether the contacts constituted an appearance. *See Wilson, supra* 364 N.W.2d at 115. Counsel conceded at oral argument that a personal contact had been made by Maynard Lillehaugen and that the impetus for the visit to the Bank was the receipt of the summons and complaint. The Lillehaugens argue that they thought the contacts, i.e., the telephone call and subsequent visit with the Land Bank, constituted an *answer.* It follows as a reasonable inference therefrom that the Lillehaugens expected to hear from the Bank thereafter.

Counsel for the Land Bank contends that Maynard was never told by the Bank that an answer was not required. It is irrelevant whether they were advised that an answer was not required. Rule 55, N.D.R. Civ.P., simply states that once an appearance has been made, the party is entitled to notice of the pending default hearing.

We are not suggesting that a default judgment may never be obtained against the Lillehaugens. We hold only that the Lillehaugens are entitled to eight days' notice of a default hearing before judgment is entered against them. Because they did not receive notice of the hearing, the judgment is voidable according to *Svard v. Barfield, supra* 291 N.W.2d at 436.

Therefore, the default judgment is set aside and the decision is reversed and remanded to the district court for further proceedings on the merits.

■ Because the Lillehaugens not only appeal from the order denying their motion to vacate, but also from the denial of their request for a temporary restraining order and permanent injunction pendente lite and for a lis pendens notice, we address the propriety of the court's denial *in toto.* In reviewing a denial of a request for a temporary restraining order, we ordinarily determine whether the trial court abused its discretion. *Amerada Hess Corp. v. Furlong Oil & Minerals,* 336 N.W.2d 129, 132 (N.D.1983). In the instant case, there is no need to determine whether such an abuse has occurred. The issue is moot in the light of our granting a new hearing. Finally, the trial court properly denied the request for a notice of lis pendens. A notice of lis pendens, i.e., a notice of the pendency of an action, is not required if the action is for the foreclosure of a mortgage. § 28–05–09, N.D.C.C.

Therefore, we reverse and remand only the trial court's denial of the motion to vacate the judgment.

ERICKSTAD, C.J., VANDE WALLE and LEVINE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.