2014 ND 8

Bernice GUSTAFSON a/k/a Bernice N. Gustafson, individually and as Personal Representative of the Estate of Leonard Gustafson a/k/a Leonard V. Gustafson, Brian Gustafson, and Michael Gustafson, Plaintiffs and Appellees

v.

Minnie GUSTAFSON, deceased, Joseph Gustafson, deceased, Helen O. Evans, individually and as Successor Trustee of the Evans Family Trust, dated August 10, 1983, Norma J. Schlueter, William Schlueter, and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon the property described in the Complaint, whether as heirs, devisees, legatees, or personal representatives of any of the above named persons who may be deceased, or under any other title interest, Defendants

Burton W. Imboden, Trustee of the Evans Family Trust, Appellant.

No. 20130206.

Supreme Court of North Dakota.

Jan. 14, 2014.

Elizabeth L. Pendlay, Crosby, N.D., for plaintiffs and appellees; submitted on brief.

Scott M. Knudsvig and Matthew H. Olson, Minot, N.D., for appellant; submitted on brief.

SANDSTROM, Justice.

[¶ 1] Burton Imboden, trustee of the Evans Family Trust, appeals from an order denying his motions to vacate a default judgment and to file additional affidavits. We affirm, concluding the district court did not abuse its discretion in denying the motion to vacate the default judgment, because a message left for the opposing attorney on an answering machine was not an appearance entitling Imboden to notice before entry of the default judgment.

## I

[¶ 2] Bernice Gustafson, as personal representative of the estate of Leonard, Brian, and Michael Gustafson, initiated an action to quiet title to certain mineral interests located in Burke County, North Dakota, in October 2011 by service by publication in the Burke County Tribune. The summons was published on October 5, October 12, and October 19, 2011.

[¶ 3] In an affidavit in support of his motion to vacate the default judgment, Imboden states that after he received the summons and complaint, he called the office of Gustafson's attorney, Elizabeth Pendlay, on October 28, 2011, to ask about the complaint and to inform her that he was opposed to what she was trying to accomplish with the complaint. He stated he left a voice message requesting that Pendlay return his call, but he never received a call back.

[¶ 4] On December 21, 2011, Gustafson applied for default judgment. After a hearing, the district court found that notice and the summons had been served upon the defendants in the action, that more than 21 days had elapsed since service, that no answer or other proper response was received on behalf of the defendants, and that each of the defendants was wholly in default. The court entered default judgment forever barring the defendants from any claim in the property and ordering, adjudging, and decreeing that Gustafson is the title owner in mineral fee simple of the premises.

[¶ 5] A year later, in January 2013, Imboden moved to vacate the default judgment under N.D.R.Civ.P. 60(b), claiming he was not given proper notice of the application for default judgment after he made an appearance in the action on behalf of the trust. A hearing was held on the motions. Counsel for Gustafson appeared by telephone, and counsel for Imboden appeared personally. Neither Gustafson nor Imboden appeared personally, and no testimony was taken from any party or witness.

[¶ 6] After the hearing, the district court denied Imboden's motion to vacate the judgment. The court concluded Imboden's one telephone call, during which he spoke to no one, did not constitute an appearance. The court also found he failed to otherwise provide any explanation that would justify setting aside the default judgment.

[¶ 7] After the hearing, Imboden also moved to file a supplemental affidavit, stating he would like to clarify the nature of the voice message left at the office of Gustafson's attorney. The court denied his motion.

[¶ 8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 9] Imboden argues the default judgment is void because it was entered without notice, which he argues was required because a telephone call to the office of Gustafson's attorney constituted an appearance.

[¶ 10] We have outlined the law regarding an appearance and notice in the context of a motion for default judgment:

Under N.D.R.Civ.P. 12(a)(1)(A), a defendant has twenty-one days to answer a complaint. If the defendant fails to answer or otherwise appear, a default judgment may be entered under N.D.R.Civ.P. 55(a). However, once a defendant appears in an action, a default judgment may not be entered without notice to the defaulting party. *Perdue*

*v. Sherman,* 246 N.W.2d 491, 495 (N.D. 1976); *see also* N.D.R.Civ.P. 55(a)(3). Under N.D.R.Civ.P. 55(a)(3), notice must be given and served with the motion for default judgment according to N.D.R.Ct. 3.2(a). Rule 3.2(a)(2), N.D.R.Ct., provides the opposing party with fourteen days from the time of service to respond. If any party requests oral argument, that party must timely request oral argument, secure a time for argument, and serve notice of the argument on all other parties. N.D.R.Ct. 3.2(a)(3). A default judgment may then be granted based on the necessary proof to enable the trial court to determine and grant relief to the plaintiff. *Overboe [v. Odegaard],* 496 N.W.2d [574,] 577 [ (N.D.1993) ] (citing N.D.R.Civ.P. 55(a)(2)).

*Burgard v. Burgard,* 2013 ND 27, ¶ 18, 827 N.W.2d 1.

[¶ 11] We have also outlined the standard of review for a district court's denial of a motion for relief from default judgment:

> "We review the trial court's denial of a motion for relief from a default judgment to determine whether the court abused its discretion." *Citibank v. Reikowski,* 2005 ND 133, ¶ 6, 699 N.W.2d 851 (citing *Fed. Land Bank of St. Paul v. Lillehaugen,* 370 N.W.2d 517, 518 (N.D.1985)). An abuse of discretion occurs when a trial court acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.

*State v. $33,000 U.S. Currency,* 2008 ND 96, ¶ 6, 748 N.W.2d 420.

[¶ 12] In this case, the district court found it uncontested that Imboden failed to plead within the time allowed for answer or other defensive motion. The court also found it undisputed that Gustafson did not serve notice of the motion for default judgment upon Imboden. At issue, then, is whether Imboden made an appearance, because if he made an appearance, Gustafson was obligated to serve him with a notice of the motion for default judgment before judgment could be entered. In the absence of service of notice of a motion for a default judgment on a party who has appeared, the default judgment is voidable. *See, e.g., Fed. Land Bank of St. Paul v. Lillehaugen,* 370 N.W.2d 517, 519 (N.D. 1985) (when a party is entitled to notice of a default hearing before judgment is entered against that party and the party does not receive notice of the hearing, the default judgment is voidable).

[¶ 13] "The concept of 'appearance' is broadly defined, and it includes an assortment of acts by a defendant that respond to the complaint sufficiently to give the plaintiff notice of the defendant's intention to contest the claim." *Intercept Corp. v. Calima Fin., LLC,* 2007 ND 180, ¶ 10, 741 N.W.2d 209. This Court has explained the standard of review for appearances:

> Whether an appearance has been made for purposes of Rule 55(a) of the North Dakota Rules of Civil Procedure is a question of law. *Hatch v. Hatch,* 484 N.W.2d 283, 286 (N.D.1992). Questions of law are fully reviewable on appeal. *US Bank Nat'l Ass'n v. Arnold,* 2001 ND 130, ¶ 12, 631 N.W.2d 150. "If the district court's interpretation of disputed facts is not clearly erroneous, we fully review whether the facts support the ultimate legal conclusion of an appearance." *US Bank,* at ¶ 12. Here, there are no disputed facts and therefore no allegation that the district court's factual findings are clearly erroneous. Rather, this issue turns solely on a question of law: whether a Rule 16, N.D.R.Crim.P., discovery request constitutes an appearance for a separate civil forfeiture proceeding.

*State v. $33,000 U.S. Currency,* 2008 ND 96, ¶ 8, 748 N.W.2d 420.

[¶ 14] In support of his claim he made an appearance sufficient to require notice of the motion for default, Imboden states in his affidavit that on October 28, 2011, he called Gustafson's attorney, Elizabeth Pendlay, "to inform her that I was opposed to what she was trying to accomplish.... I left a voice message requesting that Elizabeth Pendlay call me back." Imboden also states that Pendlay never called him back and that he was never provided notice of the application for default.

[¶ 15] In denying Imboden's motion to vacate the default judgment, the court stated, "[Imboden] had the opportunity to appear at the scheduled hearing to present testimony. He failed to appear. The failure to provide necessary evidence to permit the Court to make a finding of fact is [the] responsibility of the party, not the Court." The court was left to make its findings on statements in Imboden's affidavit, and appeared to do so in a light most favorable to those statements, saying, for example, "The best that can be taken from Imboden's affidavit is that ... he called attorney Pendlay's office for the purpose of voicing his opposition to the action." The district court found Imboden made one telephone call, and during this telephone call, he spoke to no one. The court's findings are supported by Imboden's affidavit and are not clearly erroneous, because they are supported by that evidence. On those facts as found by the district court, the appearance issue is fully reviewable as a question of law. *See $33,000 U.S. Currency,* 2008 ND 96, ¶ 8, 748 N.W.2d 420.

[¶ 16] To determine whether making a telephone call and leaving a message asking for a return call is an appearance under North Dakota law, it is helpful to compare these facts to some of our previous cases.

[¶ 17] In concluding an appearance had been made in the context of telephone conversations, this Court has stated:

[W]e interpret the telephone conversation ... between the attorneys ... as establishing an appearance by Sherman. It is so described in the letter from the attorney for Sherman to the attorney for Perdue.... That letter concludes:

"It is also my understanding of our discussion that you would note our appearance on behalf of the defendant in this case."

The affidavit of the same attorney states that during the telephone conversation he "orally made an appearance on behalf of the defendant, James Sherman, in the above entitled action;" and that he indicated to the attorney for Perdue that he "was making an appearance on behalf of said defendant [Sherman] in the above entitled action."

*Perdue v. Sherman,* 246 N.W.2d 491, 494 (N.D.1976).

[¶ 18] *Fed. Land Bank of St. Paul v. Lillehaugen,* 370 N.W.2d 517, 518 (N.D. 1985), is another example of this Court's holding an appearance had been made:

On June 21, 1984, a summons and complaint was served upon the Lillehaugens. They did not respond with an answer. However, within 20 days of service of the summons and complaint, Maynard [Lillehaugen] called and visited Jerry Simenson of the Land Bank to "ask said association what they wanted to stop the foreclosure action."

In *Lillehaugen,* it is unclear as to exactly what happened when Maynard Lillehaugen visited the Land Bank, but it appears he met with an individual at the bank and told him they wanted to stop the foreclosure action. *See id.*

[¶ 19] In *Svard v. Barfield*, 291 N.W.2d 434, 437 (N.D.1980), this Court concluded an appearance had been made:

We conclude that Barfield's attendance at the meeting with Svard, Goodman, and Zastrow was for the purpose of negotiating the dispute involved in the lawsuit and as such it constituted an "appearance" in the action within the scope of Rule 55(a)(3), NDRCivP.... The three parties named in the complaint and a representative of CKZ Leasing held a meeting to discuss the very subject matter involved in this dispute. From the record before us on appeal, it appeared unquestionable that the restaurant meeting which discussed the subject matter of the lawsuit was arranged because of Svard's initiation of this lawsuit.

[¶ 20] In contrast, in *US Bank Nat'l Ass'n v. Arnold*, 2001 ND 130, ¶ 16, 631 N.W.2d 150, we held that no appearance had been made:

At no time during the conversation did Mr. Renner indicate that he was representing Mr. Arnold, that he was going to file either a Notice of Appearance or an Answer on Mr. Arnold's behalf, or that Mr. Arnold was going to contest the claim. The only request I received from Mr. Renner was to hold off on execution of the Judgment until a meeting could be held.

[¶ 21] In all of these cases there had been an actual live discussion about the case. What separates *Arnold* from the cases in which this Court has found an appearance was made is the content of the discussion. In *Lillehaugen* and *Sherman*, the opposing party was informed specifically that the claim was being disputed or that an appearance was being made. *Sherman*, 246 N.W.2d at 494; *Lillehaugen*, 370 N.W.2d at 518. In *Svard*, a meeting was held for the purpose of negotiating the dispute. *Svard*, 291 N.W.2d at 437. In *Arnold*, it does not appear there was a negotiation or otherwise any indication that an appearance was being made or that the matter was being contested. *Arnold*, 2001 ND 130, ¶ 16, 631 N.W.2d 150. The exchange involved only a request that a meeting be held prior to execution of the judgment. *Id.* Unlike this Court's cases holding an appearance had been made, the defendant in *Arnold* did not clearly communicate his intention of disputing the claim. *See id.*

[¶ 22] The district court in this case recognized the same deficiencies in Imboden's phone message:

The Court: [A] mere phone call is enough to constitute an appearance provided that that phone call imparts to the attorney or to the opposing side that you intend to contest the action. It's not just a phone call; you also have to show that you intend to contest.

Mr. Knudsvig: It was his intent to contest it when he made that phone call.

The Court: But did he relay that intent in his phone call message?

Mr. Knudsvig: It's not stated in that affidavit specifically what the message contained, Your Honor.

The Court: Well, you're right. That's my point. It's not specifically contained in there.

[¶ 23] Parties must communicate their intention to dispute the action in order to make an appearance. Leaving a recorded message in which you do not speak to anyone, stating only your name and requesting a return call, is insufficient.

[¶ 24] The district court found that despite knowing about the lawsuit and having possession of the summons and complaint before default judgment was entered, Im-

boden made only one telephone call, left one message for a return call, and then did nothing more. The court went on:

> When he received no return call, Imboden did not attempt to call attorney Pendlay again. He did not try to contact the Court. He did not retain an attorney. He did not send a letter, or even an e-mail message to attorney Pendlay or the Court. He did not file an Answer.
>
> ... Despite the warning contained on the face of the Summons, Imboden waited 14 months before doing anything.

[¶ 25] We conclude the district court properly applied the law in finding no appearance was made. As a result, Imboden was not entitled to notice before entry of the default judgment, and the district court did not abuse its discretion in denying his motion to vacate the default judgment.

### III

[¶ 26] Imboden argues the district court abused its discretion in denying his motion to allow him to supplement his affidavit. He claims that if he had been allowed to amend his affidavit regarding the contents of his message, he would have testified that in the voice message he left at attorney Pendlay's office, he acknowledged himself as Trustee of the Evans Family Trust and requested a return call.

[¶ 27] Imboden's motion to file a supplemental affidavit was filed four and a half hours after the conclusion of the hearing on the motion to vacate. The information Imboden includes in the additional affidavit addresses arguments made at the hearing.

[¶ 28] A district court's decision regarding whether to allow additional evidence is a discretionary decision. *See Grand Forks Homes, Inc. v. Grand Forks Bd. of Cnty. Comm'rs,* 2011 ND 50, ¶ 8, 795 N.W.2d 381 ("A district court's decision whether to order the taking of additional evidence under N.D.C.C. § 28–34–01(3) is discretionary.").

[¶ 29] In its order denying Imboden's motion to file additional affidavits, the district court stated, "The time for Imboden to have filed his affidavit was when he made his motion to vacate the judgment." The court also stated, "[H]e had the opportunity to appear at the scheduled hearing to present testimony. He failed to appear." The court also cited to *Nastrom v. Nastrom,* 262 N.W.2d 487 (N.D.1978), for the proposition that it is the responsibility of the party to provide necessary evidence to permit the court to make findings of fact, not the responsibility of the court.

[¶ 30] It was not unreasonable for the district court to prevent Imboden from filing an affidavit after a hearing in which he already had an opportunity to testify, especially since it would give him the unfair advantage of avoiding cross-examination and having a free response, on his own terms, to the evidence and arguments presented at the hearing. Moreover, even if admitted, the additional information in Imboden's affidavit would not change whether an appearance was made, because a conversation between the parties in which Imboden communicated his intention to dispute the claim still is not alleged to have occurred. The district court's denial of Imboden's motion to file a supplemental affidavit was not arbitrary, capricious, or unreasonable, or a misinterpretation or misapplication of the law. *See, e.g., Grand Forks Bd. of Cnty. Comm'rs,* 2011 ND 50, ¶ 8, 795 N.W.2d 381.

### IV

[¶ 31] We affirm the district court order.

[¶ 32]   GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, S.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 33]   The Honorable LISA FAIR McEVERS did not participate in this decision.   Surrogate Judge MARY MUEHLEN MARING, sitting.