# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2018 ND 262

State of North Dakota and
Cheri F. Poitra,                                                            Plaintiffs and Appellees

v.

Shane M. Martin,                                                           Defendant and Appellant

No. 20180141

Appeal from the District Court of Sheridan County, South Central Judicial District, the Honorable Cynthia M. Feland, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Heather M. Krumm, Special Assistant Attorney General, Bismarck, ND, for plaintiff and appellee State of North Dakota.

Cheri F. Poitra, Bloomington, MN, plaintiff and appellee; submitted on brief.

Kyle R. Craig (argued), Minot, ND, and Robert G. Ackre (on brief), Cando, ND, for defendant and appellant.

**VandeWalle, Chief Justice.**

[¶1]    Shane Martin appealed an order denying his N.D.R.Civ.P. 60(b) motion for relief from default judgment. We conclude the district court did not abuse its discretion in denying Martin's Rule 60(b) motion for relief from judgment. We affirm.

I

[¶2]    Martin is the biological father of Cheri Poitra's child, I.R.P. Martin and Poitra are unmarried tribal members of the Turtle Mountain Band of Chippewa. In August 2017, Poitra began receiving services from Bismarck Regional Child Support Unit (BRCSU). The State sought to establish a child support obligation from Martin and served him with a summons and complaint in Rolla on September 19, 2017. Martin completed a financial affidavit and returned it to BRCSU on October 8, 2017, but did not file an answer or other responsive pleading. On November 7, 2017, the State filed a N.D.R.Ct. 3.2 motion for default judgment. More than 21 days had passed since Martin was served and he had appeared but had not filed an answer or other responsive pleading.

[¶3]    On November 17, 2017, Martin filed a notice of special appearance. The notice of special appearance did not contain an accompanying affidavit, motion, request for action, or response to the allegations. Instead, the notice stated only that Martin's attorney was entering a special appearance to contest "both subject matter and personal jurisdiction." Included with the notice was a copy of a summons and a petition for custody filed by Martin with the Turtle Mountain Tribal Court on November 16, 2017.

[¶4]    A hearing on the "notice of special appearance" was held January 11, 2018. During the hearing, the district court stated numerous times that the notice was not a motion on which the court could act and instructed Martin to file a motion. On

February 20, 2018, the district court entered its findings of fact, conclusions of law, and order for judgment finding Martin in default. Judgment was entered February 21, 2018.

[¶5]    Martin filed a N.D.R.Civ.P. 60(b) motion for relief from judgment on February 28, 2018. A hearing was held March 29, 2018. At the hearing, the district court again explained that a special appearance is not a motion. The court entered an order denying the motion for relief from judgment on April 3, 2018.

II

[¶6]    Martin appeals from the district court's denial of his N.D.R.Civ.P. 60(b) motion for relief from default judgment. Martin argues that his return of the financial affidavit and filing of a notice of special appearance was sufficient to preclude a default judgment under N.D.R.Civ.P. 55(a) and thus the district court erred in denying his Rule 60(b) motion.

[¶7]    A trial court's decision to deny relief under N.D.R.Civ.P. 60(b) will not be overturned on appeal absent an abuse of discretion. *Berry v. Berry*, 2017 ND 245, ¶ 10, 903 N.W.2d 68. This Court does "not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine[s] only whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established." *Knutson v. Knutson*, 2002 ND 29, ¶ 7, 639 N.W.2d 495. An abuse of discretion occurs only when the trial court acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Berry*, at ¶ 10. An abuse of discretion by the trial court is never assumed and must be affirmatively established. *Shull v. Walcker*, 2009 ND 142, ¶ 13, 770 N.W.2d 274.

[¶8]    Rule 60(b), N.D.R.Civ.P., should be invoked only when extraordinary circumstances are present. *Knutson*, 2002 ND 29, ¶ 7, 639 N.W.2d 495; *Galloway v. Galloway*, 281 N.W.2d 804, 806 (N.D. 1979). The movant has the burden of

establishing circumstances extraordinary enough to disturb the finality of a judgment. *Gajewski v. Bratcher*, 240 N.W.2d 871, 886 (N.D. 1976). "A decision to submit only certain evidence at a stage in the proceedings generally cannot later constitute exceptional circumstances justifying relief from a judgment." *Shull*, 2009 ND 142, ¶ 14, 770 N.W.2d 274. A motion under N.D.R.Civ.P. 60(b) "should not be used to relieve a party from free, calculated and deliberate choices he or she has made." *Id*.

[¶9]    Martin argues that he appeared by entering a notice of special appearance and thus default judgment was inappropriate. But an appearance without more, i.e., a pleading, is not enough. A district court may enter default judgment against a party who fails to plead or "otherwise appear." N.D.R.Civ.P. 55(a). An appearance alone is insufficient to protect a party from default judgment. *See Gustafson v. Gustafson*, 2014 ND 8, ¶ 10, 841 N.W.2d 743; *Shull*, 2009 ND 142, ¶ 15, 770 N.W.2d 274. Once an opposing party has appeared in an action, N.D.R.Civ.P. 55(a)(3) requires the party be given notice and served with the motion for default judgment according to N.D.R.Ct. 3.2(a). *Gustafson*, at ¶ 10. The opposing party has 14 days after service to "serve and file an answer brief and other supporting papers." N.D.R.Ct. 3.2(a)(2). Once the opposing party's fourteen day time period to respond has passed, the court may grant default judgment. *Gustafson*, at ¶10.

[¶10] Here, Martin was provided notice of the motion for default judgment as required under N.D.R.Civ.P. 55(a)(3) and N.D.R.Ct. 3.2(a) despite uncertainty about whether an appearance had been made. The district court gave Martin the opportunity, and specific instructions, to respond and file a motion. However, Martin's only filing with the court before entry of the judgment was a notice of special appearance. "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Perdue v. Sherman*, 246 N.W.2d 491, 495 (N.D. 1976). Here, the record shows that Martin was an essentially unresponsive party who received proper notice of a default judgment under N.D.R.Civ.P. 55(a)(3) and N.D.R.Ct. 3.2(a). Martin did nothing before default was entered. After the motion for relief was entered, Martin again did nothing. The

district court did not abuse its discretion in denying Martin's Rule 60(b), N.D.R.Civ.P., motion for relief from judgment.

### III

[¶11]   We affirm the order denying the motion.

[¶12]   Gerald W. VandeWalle, C.J.
       Jerod E. Tufte
       Daniel J. Crothers
       Lisa Fair McEvers
       Jon J. Jensen