# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 228

Discover Bank,                                     Plaintiff and Appellee

      v.

Robert V. Bolinske Sr.,                            Defendant and Appellant

## No. 20200098

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Amanda M. Lee and Clifton G. Rodenburg, Fargo, ND, for plaintiff and appellee; submitted on brief.

Robert V. Bolinske, Sr., Bismarck, ND, defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]  Robert V. Bolinske, Sr., appeals from an order denying his motion to vacate a default judgment.  We conclude the district court did not abuse its discretion by not holding a hearing or by denying Bolinske's motion to vacate. We affirm.

I

[¶2]  Discover Bank ("Discover") sued Bolinske for unpaid debt in the amount of $3,915.53 on a credit card Discover issued to Bolinske.  Bolinske was personally served with a summons and complaint on November 15, 2019.  On December 13, 2019, Discover's counsel notarized an affidavit of no answer, which was filed with the district court along with a proposed order for a default judgment on December 16, 2019.  An order for judgment was entered on December 18, 2019.  Notice of entry of judgment was served on Bolinske on December 23, 2019.

[¶3]  Bolinske moved to vacate judgment on January 10, 2020.  Bolinske claimed he attempted to respond to Discover's summons and complaint by mail on December 6, 2019, but accidentally misaddressed the envelope to Discover's counsel and sent his answer and counterclaims to an incorrect address. Bolinske argued after his answer and counterclaims were returned as undelivered, he mailed them to the proper address on December 16, 2019. Bolinske argued that same day, he  placed a call to Discover's counsel and left a voicemail stating that he was making an appearance to avoid a default judgment and explaining he had sent his answer and counterclaim to the wrong address.  Discover's counsel asserted she did not receive Bolinske's voicemail until after e-filing the motion for default judgment, but acknowledged the voicemail was received on December 16.

[¶4]  Bolinske argued in his brief supporting his motion to vacate that his voicemail left with Discover's counsel constituted an appearance entitling him to notice before entry of default.  Bolinske also argued that he was entitled to

1

relief from judgment due to his mistake, inadvertence, and excusable neglect because he misaddressed his answer and counterclaims on December 6, 2019. Bolinske requested a hearing on the motion. The district court denied Bolinske's motion on January 31, 2020 without holding a hearing, stating Bolinske had not demonstrated sufficient justification to set the judgment aside. Bolinske filed his notice of appeal from the denial on March 23, 2020.

## II

[¶5] On July 6, 2020, Discover moved this Court to strike a portion of Bolinske's appendix containing Bolinske's purported answer and counterclaim because it did not appear in the district court record. Under N.D.R.App.P. 10(a), the record on appeal includes documents and exhibits in the district court, transcripts, and a certification by the clerk stating what constitutes the record filed with the district court. Bolinske included what he claimed was a "corrected and typed from the original handwritten version" answer and counterclaim labeled as Exhibit H in his appendix on appeal. Neither the original handwritten answer and counterclaim nor the retyped version were filed with the district court, and Bolinske has not moved to supplement the record.

[¶6] Under N.D.R.App.P. 30(a)(1), only items in the record may be included within the appendix. It is well established that this Court may not consider items outside of the record. *State v. Proell*, 2007 ND 17, ¶ 16, 726 N.W.2d 591. Bolinske's answer and counterclaim, included in his appendix on appeal, which were not a part of the record, violated N.D.R.App.P. 30(a)(1). Accordingly, Discover's Motion to Strike Bolinske's answer and counterclaim is granted.

## III

[¶7] Bolinske argues the district court erred when it did not give him the hearing he requested on his motion to vacate the judgment. "If the party requesting oral argument fails within 14 days of the request to secure a time for the argument, the request is waived and the matter is considered submitted for decision on the briefs." N.D.R.Ct. 3.2(a)(3). Rule 3.2, N.D.R.Ct., applied to Bolinske's request for a hearing:

Rule 3.2, N.D.R.Ct., applies to all motion practices, unless a conflicting rule governs the matter. *Paxton [v. Weibe],* 1998 ND 169, ¶ 13, 584 N.W.2d 72. Under N.D.R.Ct. 3.2(a)(3), a court may decide routine motions on briefs without holding a formal hearing, unless a party requests one. *Breyfogle v. Braun,* 460 N.W.2d 689, 693 (N.D. 1990). If a party who timely served and filed a brief requests a hearing on a motion, then "such a hearing must be held and it is not discretionary with the trial court." *Anton v. Anton,* 442 N.W.2d 445, 446 (N.D. 1989). "[T]he party requesting oral argument must secure a time for the argument and serve notice upon all other parties." *Matter of Adoption of J.S.P.L.,* 532 N.W.2d 653, 657 (N.D. 1995). A request for oral argument is not complete until the requesting party has secured a time for oral argument. *Bakes v. Bakes,* 532 N.W.2d 666, 668 (N.D. 1995).

*Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 18, 855 N.W.2d 608.

[¶8]   Bolinske had the burden to secure the hearing under N.D.R.Ct. 3.2 and nothing in the record reflects Bolinske scheduled a hearing. Therefore, the district court did not err by not holding a hearing on the motion to vacate.

## IV

[¶9]   Bolinske argues the district court erred in failing to give him relief from judgment under N.D.R.Civ.P. 60(b)(1) on the basis of his "mistake, inadvertence and/or excusable neglect" in misaddressing his initial response. Bolinske also argues he made a telephone appearance and that the default judgment entered against him was voidable because he was not given proper notice under N.D.R.Civ.P. 55 prior to entry. Related to the telephone appearance, Bolinske further argues Discover committed fraud on the court by failing to notify the court of his voicemail.

[¶10] This Court reviews the denial of a motion to vacate judgment under N.D.R.Civ.P. 60(b) under an abuse of discretion standard. *Citibank v. Reikowski*, 2005 ND 133, ¶ 6, 699 N.W.2d 851. "An abuse of discretion occurs when a trial court acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *State v. $33,000 U.S.*

3

*Currency*, 2008 ND 96, ¶ 6, 748 N.W.2d 420. Bolinske bears the burden to show the district court abused its discretion:

> On appeal, to establish a basis for relief under N.D.R.Civ.P. 60(b) from a district court's denial of a motion for relief from a default judgment, a party must show the district court abused its discretion.... An abuse of discretion by the [district] court is never assumed and must be affirmatively established, and this Court will not overturn a court's decision merely because it is not the one it would have made had it been deciding the motion.

*Bickler v. Happy House Movers, L.L.P.*, 2018 ND 177, ¶ 12, 915 N.W.2d 690 (citing *Key Energy Servs., LLC v. Ewing Constr. Co., Inc.*, 2018 ND 121, ¶ 13, 911 N.W.2d 319).

[¶11] This Court has previously stated there should generally be greater liberty in granting motions under N.D.R.Civ.P. 60(b) when the matter involves a default judgment rather than a judgment following a full trial on the merits. However, a Rule 60(b) motion is not a substitute for an appeal and should not be used to relieve a party from free, calculated and deliberate choices he or she has made. *Bickler*, 2018 ND 177, ¶ 12. The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances. *Id.* at ¶ 18. "A defendant's own errors will not always constitute proper grounds for relief from a default judgment." *Id.* at ¶ 12 (citing *Key Energy Servs*, 2018 ND 121, ¶ 13). Rather, the applicable standard under N.D.R.Civ.P. 60(b)(1) to relieve a party from a judgment is whether there was "mistake, inadvertence, surprise, or excusable neglect." *Id.*

A

[¶12] Bolinske argues he is entitled to relief because he mistakenly sent his answer and counterclaim to the wrong address under N.D.R.Civ.P. 60(b)(1). Bolinske acknowledges December 6, 2019, was the last day he could timely respond to the summons and complaint. Bolinske mailed his response to the wrong address after 7:00 pm on December 6, so it is postmarked December 7, 2019. Bolinske cites no precedent to support the proposition that a party's own

4

negligence in misaddressing a responsive pleading and thereby missing the deadline for a timely response entitles him to relief from judgment under N.D.R.Civ.P. 60(b)(1). "Issues are not adequately briefed when an appealing party fails to cite any supporting authority, and we will not consider them." *Frith v. N.D. Workforce Safety & Ins.*, 2014 ND 93, ¶ 25, 845 N.W.2d 892. Bolinske has failed to show the district court abused its discretion by denying Bolinske's motion to vacate based on his mistake, inadvertence, or excusable neglect.

B

[¶13] Bolinske argues the judgment should be vacated because he made a telephone appearance. Whether Bolinske's voicemail constituted an appearance is fully reviewable by this Court as a question of law. *Gustafson v. Gustafson*, 2014 ND 8, ¶ 15, 841 N.W.2d 743.

[¶14] Under N.D.R.Civ.P. 12(a)(1)(A), a defendant has twenty-one days to answer a complaint. If the defendant fails to answer or otherwise appear, a default judgment may be entered under N.D.R.Civ.P. 55(a). However, once a defendant appears in an action, a default judgment may not be entered without notice to the defaulting party. Under N.D.R.Civ.P. 55(a)(3), if an appearance is made, notice must be given and served with the motion for default judgment according to N.D.R.Ct. 3.2(a). *Gustafson*, 2014 ND 8, ¶ 10.

[¶15] Bolinske relies on *Perdue v. Sherman* to support his voicemail constituting an appearance entitling him to notice. 246 N.W.2d 491 (N.D. 1976). In *Perdue*, the defendant made a call to the plaintiff's attorney one day before entry of the default judgment and had a conversation with the plaintiff's attorney. *Id.* at 493. The trial judge was not informed of the conversation and entered a default judgment the day after this conversation. *Id.* The defendant then moved to reopen the default judgment along with a proposed answer and counterclaim. *Id.* On appeal, it was undisputed that the telephone call was intended to constitute an appearance. *Id.* at 494. This Court held the phone call constituted an appearance entitling the party to eight days' notice before entry of default. *Id.* at 495.

[¶16] We need not decide whether Bolinske's voicemail constituted an appearance. Even assuming Bolinske's voicemail constituted an appearance, an appearance only renders the judgment voidable. If an appearance was made by a party and that party did not receive notice before entry of the default judgment, the judgment is "irregular and voidable." *Perdue*, 246 N.W.2d at 495. Once a default judgment is determined to be voidable, the district court examines the moving party's answer to determine if it contains "on its face a presumably meritorious defense." *Id.* The *Perdue* court, upon finding a telephone conversation constituted an appearance, evaluated whether the party moving to reopen the judgment had presented a meritorious defense in his answer. *Id.* Upon determining Perdue had put forth a meritorious defense in his answer, the court granted Perdue's motion to reopen the judgment and stated "[u]pon remand, he is entitled to notice." *Id.*

[¶17] In contrast to the party in *Perdue*, the record reflects Bolinske did not file an answer with the district court. An appearance, without a pleading, does not protect a party from default judgment. *State v. Martin*, 2018 ND 262, ¶ 9, 920 N.W.2d 317. Bolinske has not shown that he pleaded a meritorious defense in this case. Even if Bolinske's voicemail constituted an appearance entitling him to notice, Bolinske is not entitled to have the default judgment vacated without filing his answer or otherwise showing a meritorious defense.

V

[¶18] Bolinske argues the district court should have set forth findings of fact in its order denying his motion to vacate judgment. However, Bolinske admits the court was not required to do so. Rule 52(a)(3), N.D.R.Civ.P., states "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." The court did not abuse its discretion by ruling on Bolinske's motion to vacate judgment without making findings of fact, because the court was not required to make any such findings. Other issues raised by Bolinske are either unnecessary to our opinion or are without merit.

6

[¶19]  We conclude the district court did not abuse its discretion.  We affirm the order denying Bolinske's motion to vacate the default judgment

[¶20]  Lisa Fair McEvers
 Jerod E. Tufte
 Allan L. Schmalenberger, S.J.
 Gerald W. VandeWalle
 Daniel J. Crothers, Acting C.J.

[¶21]  The Honorable Allan L. Schmalenberger, S.J., sitting in place of Jensen, C.J., disqualified.