This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39347**

**CENTURY BANK,**

 Plaintiff-Appellee,

v.

**LORETTA CISNEROS, SHARON A. BACA,
and CHRIS R. BACA,**

 Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Court Judge**

Jurgens & With, P.A.
James R. Jurgens
Santa Fe, NM

for Appellee

Joseph B. Coffey
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Defendants appeal a default judgment in this suit on a promissory note, raising three appellate issues. [ADS 3-4] This Court issued a notice of proposed disposition proposing to affirm the judgment below, partly on the basis that the docketing statement failed to provide information necessary to review the actions of the district court. Defendants have filed a memorandum in opposition to that proposed disposition, and Plaintiff has filed a motion in support thereof, both of which we have duly considered. Remaining unpersuaded that the district court committed error, we now affirm.

**{2}** Defendants' memorandum no longer asserts either of the first two appellate issues raised in their docketing statement and we deem those arguments abandoned on appeal. *See Taylor v. Van Winkle's Iga Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that where the proposed disposition of an issue is not contested in a memorandum in opposition, that issue is abandoned). Instead, Defendants' memorandum in opposition opposes our proposed disposition of their third appellate issue, which questioned whether the district court erred by granting a default judgment as a sanction. [ADS 4; MIO 1]

**{3}** As noted in our notice of proposed disposition, New Mexico's rules governing discovery authorize the entry of a default judgment as a sanction for discovery violations. Rule 1-037(B)(2)(c) NMRA. [CN 9] The district court's decision to enter such a sanction is reviewed on appeal solely for an abuse of discretion. *Weiss v. THI of N.M. at Valle Norte, LLC*, 2013-NMCA-054, ¶ 15, 301 P.3d 875. In assessing the district court's exercise of its discretion to impose a sanction, we must consider "the nature of the [offending] conduct and level of culpability found by the district court," keeping in mind that reversal on appeal is appropriate only in circumstances where "the district court's decision is clearly untenable or contrary to logic and reason." *Id.* (text only).

**{4}** Our notice of proposed disposition also pointed out that, following the passage of multiple discovery deadlines, Plaintiff filed a motion to compel interrogatory responses and document production, Defendants filed no response to that motion, the district court granted the motion to compel, Defendants still did not respond to the discovery request, Plaintiff moved for sanctions, and Defendants did not respond to that motion. [CN 8-9] Plaintiff then filed a proposed order imposing sanctions and Defendants filed no objections to that order, which was ultimately entered by the district court following a presentment hearing. [CN 9; RP 130-32] Defendants' memorandum now concedes that their "failures [were] significant and worthy of censure" before pointing out that they filed a certificate of service attesting to service of interrogatory answers and responsive documents on the eve of the presentment hearing. [MIO 1-2]

**{5}** Defendants' memorandum also reiterates that one Defendant was "extremely fearful [of the ongoing COVID-19 pandemic] and of being in the presence of traveling strangers," presumably complicating her ability to consult with counsel. [MIO 2] On that basis, Defendants assert that no willful failure to comply with discovery occurred. [Id.] Defendants' memorandum also now informs us that these facts were presented to the district court at the presentment hearing. [MIO 1]

**{6}** Although this Court appreciates the difficulties caused by the COVID-19 pandemic, we are not persuaded that such complications negate a finding of willful noncompliance in this case. Although such difficulties may explain Defendants' delayed discovery responses, the memorandum before us offers no explanation for Defendants' complete failure to respond in any way to the multiple motions, orders, and proposed orders flowing from their delayed response to that discovery. As our notice of proposed disposition noted, Defendants' docketing statement did not offer any explanation for

their failure to file any response to the motion to compel discovery. [CN 8] The memorandum opposing that disposition still does not offer any such explanation.

{7}     Accordingly, Defendants' memorandum does not persuade us that our proposed summary disposition was in error or that an abuse of discretion occurred below. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to point out errors of law or fact in a notice of proposed summary disposition), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the default judgment entered below.

{8}     IT IS SO ORDERED.

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**